Fred H. GREESON, Plaintiff,

v.

Claude P. SHERMAN, M. D.,

and

Martinsville General Hospital, Defendants.

Civ. A. No. 66–C–55.

United States District Court
W. D. Virginia,
Danville Division.

March 3, 1967.

Ronald W. Williams, Danville, Va., for Fred H. Greeson.

Edwin B. Meade, Meade, Tate & Meade, Danville, Va., and Jackson L. Kiser, Young, Kiser & Frith, Martinsville, Va., for Claude P. Sherman, M.D.

M. Harrison Joyce, Joyce & Stone, Martinsville, Va., for Martinsville General Hospital.

## Opinion and Judgment

DALTON, District Judge.

Plaintiff, a North Carolina resident, alleges negligence and breach of implied contract on the part of defendants in their treatment of a leg injury sustained by plaintiff while operating a bulldozer on a construction project between North Carolina and Virginia.

Plaintiff alleges the accident occurred on or about December 30, 1963, and further alleges that as a result of the negligent acts, or breach of implied contract by defendants, he was compelled, upon his return to North Carolina, to submit to further medical treatment; that his leg became gangrenous and eventually had to be amputated.

Plaintiff alleges that he has endured great suffering and expense as a result of, and is permanently disabled because of the negligent acts, or breach of implied contract by defendants. Plaintiff demands judgment against defendants, jointly and severally, in the sum of $500,-000.

Defendant Sherman has disclosed by affidavit that he is an orthopedic surgeon and staff member of defendant hospital; that he treated plaintiff for a compound fracture of his right lower leg on December 30, 1963, and continued to attend plaintiff until his discharge from defendant hospital on January 3, 1954. Affiant also states that he has not seen, treated, or administered to plaintiff, and has not been consulted by any other orthopedic surgeon, or by members of plaintiff's family in regard to plaintiff's condition from the date of plaintiff's discharge to the date of his affidavit, (January 24, 1967).

Defendants, and Ola F. Haynes, Deputy Clerk for the United States District Court for the Western District of Virginia, Danville Division, by affidavit have stated that plaintiff's complaint was delivered to the home of the Deputy Clerk on the night of December 30, 1966 by plaintiff's counsel. At that time, and at her residence, the Deputy Clerk marked the complaint, "Filed December 30, 1966, Leigh B. Hanes, Jr., Clerk, By Ola F. Haynes, Deputy Clerk", and accepted the filing fee by check. It is further stated by affiants that, " * * * no entry was made on the original complaint or her records in said Clerk's Office showing that said complaint was filed on any other date than that written thereon on the night of December 30, 1966, at her said residence * * * [t]hat her official records in no way show further filing of said complaint." Affiant Haynes took the complaint to her office the next day, December 31, 1966, and issued process thereon for service on defendants.

Defendants, by counsel, filed respective motions to dismiss, alleging:

(1) that the complaint was improperly and illegally filed for failure to comply with Fed.R.Civ.P. 3 and Va.Rules of Court 3:3(a) and,

(2) that this action is barred by the statute of limitations on personal injury, Va.Code Ann. § 8–24 (Repl.Vol. 1957).

■■ As a federal court sitting in diversity cases, this court is bound to follow the law of the forum, both in respect to the state's internal law, and the state's conflicts of law rules, Klaxon Co. v. Stentor Elec. Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481 (1941). Neither party contends that the operative facts of this case occurred anywhere else but in Virginia. Accordingly, this court will not have to resort to the law of another jurisdiction in reaching its decision.

There are two questions for decision:

(1) May a complaint, under Fed.R. Civ.P. 3, be properly filed with the court clerk at the residence of the clerk?

(2) Does the Va.Code Ann. § 8–24 statute of limitations on personal injury actions bar a suit to recover damages for personal injury when the cause of action, predicated on breach of implied contract, arose more than two years before institution of suit?

(1) Fed.R.Civ.P. 3 states:

A civil action is commenced by filing a complaint with the court.

Fed.R.Civ.P. 5(e) states, in part:

Filing With the Court Defined. The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court * * *.

■ If Rule 3 is read in conjunction with Rule 5(e), it would appear that there has been no impropriety in plaintiff's method of *filing*. It is sufficient that the complaint is delivered to an officer of the court who is authorized to receive it. See Robinson v. Waterman S.S. Co., 7 F.R.D. 51 (D.C.1947), and, on facts nearly identical to this case; see Hagy v. Allen, 153 F.Supp. 302 (E.D.Ky. 1957), similarly interpreting the meaning and interaction of Rules 3 and 5(e). Because this court's answer to question two is dispositive of the case, there is no need to pass upon the relationship between state and federal rules as to filing

of complaints, commencement of suits, and tolling of statutes of limitation.

(2) Va. Code Ann. § 8–24 reads, in pertinent part:

Every action for personal injuries shall be brought within two years next after the right to bring same shall have accrued. Every personal action, for which no limitation is prescribed, shall be brought within five years next after the right to bring same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and if it be for a matter not of such nature, shall be brought within one year next after the right to bring same shall have accrued.

■ Plaintiff's alternative to a tort theory of recovery is a theory of breach of implied contract, on the part of defendants, to perform their duties, and render their services in a workmanlike manner, according to an accepted standard of skill and care appropriate to physicians and hospitals of like status. Va. Code Ann. § 8–13 (Supp.1966) reads, in pertinent part:

Every action to recover money which is founded upon an award, or on any contract, other than a judgment or recognizance, shall be brought within the following number of years next after the right to bring same shall have first accrued, that is to say * * If [the case] be upon any other contract express or implied within three years * * *

■ The complaint and defendants' pleadings do not challenge the conclusion that the alleged wrong occurred sometime between December 30, 1963, and January 3, 1964. The Virginia Supreme Court has decisively fixed the time for the commencement of the running of personal injury statutes of limitation at that point in time when the wrong is done, and not when the plaintiff discovers the damage, Hawks v. DeHart, 206 Va. 810, 146 S.E.2d 187 (1966). No evidence has been offered of facts which would have served to toll the statute of limitation embodied in § 8–24 during the period January 1964 to commencement of this suit.

May the plaintiff avail himself of the longer limitation on implied contract?

Prior to the amendment of § 8–24 by Va.Acts Ch. 589, p. 764 (1954), increasing the period of limitations on personal injury from one to two years, § 8–24 has remained essentially unchanged since its enactment in 1849. See Va.Code § 11 (1860); Va.Code § 14 (1873); Va.Code § 2927 (1887); Va.Code § 5818 (1919), and Va.Code § 8–24 (1950). For a comprehensive discussion of this code section, see Herndon v. Wickham, 198 Va. 824, 97 S.E.2d 5 (1957). In essentials, the statute has always read:

"Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years if the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued."

■ The statute of limitations embodied in § 8–24, and its counterparts throughout the previous codes, have covered all personal actions, including actions for personal injury, for which no specific limitation was otherwise provided. The test for the application of the one year, or five year statute of limitation was, and remains, the survivorship of the action. Survivorship was determined by the *nature* of the wrong, and not the form of the action. If survival of actions depended upon the nature of the wrong alleged, and if survival of actions was decisive of what statute of limitation applied, it is logical that the Virginia courts should come to associate the applicable statute of limitation with the nature of the wrong alleged.

■ The Virginia Supreme Court has repeatedly affirmed the rule that

those actions which survive are, " \* \* \* those for wrong to property, real or personal, or which grow out of breach of contract, but not for wrongs done to the person or reputation, or any purely personal wrong, apart from property or contract. \* \* \* ". Mumpower v. City of Bristol, 94 Va. 737, 27 S.E. 581 (1897), Winston v. Gordon, 115 Va. 899, 80 S.E. 756 (1914), Cover v. Critcher, 143 Va. 357, 130 S.E. 238 (1925), Vance v. Maytag Sales Corp., 159 Va. 373, 165 S.E. 393 (1932), Westover Court Corp. v. Eley, 185 Va. 718, 40 S.E.2d 177 (1946). Each application of the rule above requires a characterization of the gravamen to test survivorship, and accordingly, to find the appropriate period of limitation. It has been diversely applied in the law of Virginia.

In Grubb's Adm'r, v. Sult, 73 Va. (32 Gratt.) 203 (1879), it was held that an action for breach of promise to marry could not be maintained against the personal representative of the promisor, as a breach of contract to marry, although a contract violation, was essentially a tort to the person. The defendant railway, in Birmingham v. Chesapeake & O. Ry. Co., 98 Va. 548, 37 S.E. 17 (1900), successfully pleaded the shorter statute of limitation against a plaintiff suing in assumpsit on a theory of breach of contract of safe transport. Plaintiff, attempting to avail herself of the longer contract statute of limitation, alleged personal injury as a result of the defendant permitting her to prematurely debark from its train. The court stated that it was the object of the action, and not its form that determined the applicable statute of limitation.

The Virginia Supreme Court, in Carva Food Corp. v. Dawley, 202 Va. 543, 118 S.E.2d 664 (1961), affirmed the lower court's application of the one year statute of limitation on personal actions to a suit against an insurance agent who allegedly misrepresented the policy coverage on a building destroyed some four years before suit. The court pointed out that the relationship between the alleged misrepresentation of the agent, and the destruction of the building, (by hurricane), was such as to make the wrong to plaintiff's property only indirect, hence the action would not have survived, and the five year statute of limitation could not be resorted to.

In Dawson v. Fernley & Eger, 196 F. Supp. 816 (E.D.Va.1961), plaintiff, more than two years after a stevedoring accident, but before the passage of the limitation on implied contract, brought suit against a shipowner on a theory of breach of implied contract of seaworthiness. The District Court, while not holding that such contracts exist between stevedores and shipowners if unexpress, did state that even if such contracts exist, a reading of § 8–24 would place a personal injury claim based on a contract of unseaworthiness within tort liability. The court quoted with approval from Herndon v. Wickham, supra, "[t]he limitation is not determined by the form of action, but by its object. If the thing complained of is an injury to the person, the limitation in *assumpsit* is the same as if the action were in *form ex delicto*."

 Plaintiff does not argue for breach of an implied contract of cure or benefit, rather, he argues for breach of an implied contract that defendants exercise a degree of care and skill ordinary to members of their practice. Plaintiff, contending that this action is not barred by Va.Code § 8–24, but rather is supported by it, directs this court to the proposition, " \* \* \* even though the foundation of the action arose out of privity of contract between the parties, if the same alleged facts show a breach of duty constituting a tortious neglect, plaintiff has a right to elect whether he will proceed in tort or assumpsit". Wright v. Everett, 197 Va. 608, 90 S.E.2d 855 (1956), citing favorably, Ferrill v. Bewris' Adm., 66 Va. (25 Gratt.) 765 (1875). W. W. V. Co., Inc. v. Black, 113 Va. 728, 75 S.E. 82 (1912), Spence v. Norfolk & W. Ry., 92 Va. 102, 22 S.E. 815, 29 L.R.A. 578 (1895). This court is not persuaded that the proposition of the Wright case, taken either in isolation, or in the context of Wright, and the cases cited therein,

means that a plaintiff in Virginia may extend the period of limitation on actions to recover for personal injury by electing to sue on implied contract. While not saying that plaintiff may not proceed upon a theory of breach of implied contract to recover damages for personal injury, this court does hold that where personal injury is the gravamen of the action, the remedy is controlled by the personal injury statute of limitation as embodied in § 8–24.

For the reasons stated above, the defendants' motion to dismiss for improper and illegal filing of the complaint is denied.

The defendants' motion to dismiss on a plea of the statute of limitations, Va. Code § 8–24, is granted, and therefore this action is dismissed with prejudice, and each party shall pay their own costs.