Ann WILLIAMS–GUICE,
Plaintiff–Appellant,

v.

BOARD OF EDUCATION OF the
CITY OF CHICAGO, et al.,
Defendants–Appellees.

No. 94–1476.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 16, 1994.

Decided Jan. 10, 1995.

Rehearing Denied Jan. 27, 1995.

Craig J. Beauchamp (argued), Chicago, IL, for plaintiff-appellant.

Patricia J. Whitten, Ted G. Goldsmith (argued), Michael J. Hernandez, City of Chicago Bd. of Educ., Chicago, IL, for defendants-appellees.

Before POSNER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

■ Federal courts treat the filing of a complaint as satisfying the statute of limitations, even though the defendant may not learn about the suit until service of process after the period of limitations has expired. *West v. Conrail*, 481 U.S. 35, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987). That makes timely service vital, and Fed.R.Civ.P. 4(m) sets 120 days as the presumptive outer bound. (Until December 1, 1993, this was Fed.R.Civ.P. 4(j); we use the current numbering system.) Thus if the plaintiff has two years from the injury to commence suit, the defendant may not receive notice about the litigation for two years and four months.

■ Animating this approach is the language of Fed.R.Civ.P. 3, which provides: "A civil action is commenced by filing a complaint with the court." If the action is "commenced" by filing, that ought to satisfy the statute of limitations. When the plaintiff seeks to proceed without prepayment of fees, however, 28 U.S.C. § 1915(a) implies a different approach. For that statute says that a court "may authorize the commencement . . . of any suit . . . without prepayment of fees and costs" if the plaintiff is unable to pay. To say that the judge may "authorize the commencement" of a suit is to imply that depositing a copy of the complaint with the clerk does *not* commence the litigation and therefore does not satisfy the statute of limitations. Only the judge's order permitting the plaintiff to proceed *in forma pauperis*, and accepting the papers for filing, would commence the action. This understanding, though, would make judicial delay fatal to some actions. In *Gilardi v. Schroeder*, 833 F.2d 1226, 1233 (7th Cir.1987), relying on Rule 3 and without mentioning § 1915(a), a panel of this court held that the receipt of the complaint by the clerk suffices, at least when the judge ultimately permits the plaintiff to proceed IFP. But if receipt by the clerk counts as filing, see Fed.R.Civ.P. 5(e), then it also logically starts the time for service under Rule 4(m), and the 120 days may expire before the judge rules on the application. Relying on 28 U.S.C. §§ 1914(c) and 1915, but without citing *Gilardi*, Rule 3, or Rule 5(e), a different panel of this court held in *Robinson v. America's Best Contacts and Eyeglasses*, 876 F.2d 596 (7th Cir.1989), that the 120–day period does not begin until the clerk *stamps* the complaint "filed" following an order granting IFP status or belated payment of the docket fee. As the tenth circuit recently remarked, *Gilardi* and *Robinson* are hard to reconcile, for they imply that adjacent rules use "filed" in very different senses. *Jarrett v. US Sprint Communications Co.*, 22 F.3d 256, 258 (10th Cir.1994). Reconcilable or not, however, *Gilardi* and *Robinson* at least provide a clear rule—if the district judge grants the application to proceed IFP, or if the plaintiff pays the docket fee swiftly after the district judge denies the application. See also *Paulk v. Department of the Air Force*, 830 F.2d 79, 83 (7th Cir. 1987).

What happens if the district judge denies the application to proceed IFP and the plaintiff does not pay promptly? If both *Gilardi* and *Robinson* are read as favorably to the plaintiff as their language would permit, then by applying for IFP status a litigant may obtain an indefinite extension of time to serve the defendant. Lodging the complaint satisfies the statute of limitations, and by failing to pay the docket fee the plaintiff prevents the 120–day period from starting, because the clerk will not stamp "filed" on the complaint until the fee has been paid. Even well-to-do plaintiffs could obtain this self-help extension of time, which would leave defendants in the dark for extended periods. Such a maneuver not only undermines the mechanism created by Rules 3 and 4(m) but also is inconsistent with the rationale for periods of limitations. Sometimes Congress chooses a particularly short period of limitations because damages may be piling up during delay. Claims arising out of employment generally are handled by short periods for action, because back pay is mounting (and because the injury, such as a discharge, is so apparent that it does not overtax anyone to require prompt action). See generally *Smith v. Chicago*, 769 F.2d 408 (7th Cir.1985) (collecting many of the short periods for initiat-

ing litigation). Self-help extensions in employment cases therefore have exceptional potential to undermine the function of the period of limitations.

Today we must deal with a worst-case scenario under *Gilardi* and *Robinson.* Ann Williams–Guice believes that the Chicago Board of Education discriminated against her on the basis of race by declining to award her a full-time position as a substitute teacher. Title VII of the Civil Rights Act of 1964 sets two short periods for action: an employee must complain to the EEOC within 270 days, and must file suit within 90 days after receiving notice of the EEOC's decision. On August 25, 1992, the EEOC determined that Williams–Guice is not a victim of discrimination. This final decision permitted her to file suit. The district court received her complaint 99 days later, on December 2, 1992. Williams–Guice asserted that she had not received the EEOC's decision until September 15, 1992, a date defendants do not dispute. This would make the complaint timely—if "filed" on December 2. But Williams–Guice did not pay the docket fee, and the clerk treated the complaint as received but not filed. The application for leave to proceed IFP accompanying the complaint was deficient; the district court permitted Williams–Guice to amend it. On February 10, 1993, the court denied the application, observing that Williams–Guice is employed as a part-time substitute and has a substantial equity interest in her house. Local Rule 11D in the Northern District of Illinois gives a plaintiff 15 days to pay the docket fee following denial of an application for leave to proceed IFP. Williams–Guice did not pay until May 24, 1993, or 103 days after the district court's order (and 251 days after September 15, 1992, when, she says, she received the EEOC's decision). The Board of Education was not served with process until August 27, 1993, or 198 days after the district court's order denying IFP status. August 27 is 268 days after the lodging of the complaint and more than a year after the EEOC's decision. But August 27 is only 95 days after Williams–Guice paid the docket fee.

Combining *Gilardi* with *Robinson,* Williams–Guice contends that both the complaint and service were timely. The district judge disagreed, dismissing the action for failure to comply with Rule 4(m). 1994 WL 30584, 1994 U.S. Dist. LEXIS 944. The judge balked at the possibility that extended nonpayment automatically extends the time to serve the defendant. Whatever tolling *Robinson* allows must end, the district judge believed, when the plaintiff *ought* to pay, whether or not the plaintiff actually pays. Because the application for IFP status was denied on February 10, 1993, Williams–Guice ought to have paid no later than February 25. Starting the Rule 4(m) clock on that date meant that Williams–Guice took 183 days to effect service, far more than the allotted 120. That led the court to dismiss the case—without prejudice, as Rule 4(m) provides, but, because it is too late to commence a new suit, the decision effectively disposes of the claim for relief. *Powell v. Starwalt,* 866 F.2d 964 (7th Cir.1989).

We agree with the district court that plaintiffs should not possess an option to delay service indefinitely by declining to pay the docket fee. Yet the holding of *Robinson*— that the time specified by Rule 4(m) does not commence until the complaint is stamped "filed" by the clerk—does not accommodate the solution the district court selected. For the passage of 15 days does not cause the clerk to accept the complaint and deem it "filed." Quite the contrary, Local Rule 11D says that if the fees are not paid within 15 days "the clerk shall notify the judge" who will take appropriate action, including directing the clerk to return the complaint *un*filed, ending the litigation. Filing and dismissal are opposites, and equating them for purposes of Rule 4(m) stretches language altogether too far. Treating the complaint as "filed" for purposes of Rule 4(m) on the date the judge denies leave to proceed IFP, no matter when (if ever) the plaintiff pays, would have a sounder footing in the language of the statutes and rules, but such an approach would require us to modify *Robinson.*

██ The clerk did not enforce Local Rule 11D, and the district court took no action when Williams–Guice tarried in pay-

ment. When the dispute about the time of service brought this omission to the court's attention, it would have been within its rights to dismiss the suit for delay in payment. Williams–Guice objects to this possibility on the ground that she did not have counsel at the time, and the judge did not expressly call Rule 11D to her attention. This is not an excuse. Even uncounseled litigants must act within the time provided by statutes and rules. "[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States,* —— U.S. ——, ——, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993) (footnote omitted); see also *Lewellen v. Morley,* 909 F.2d 1073, 1077 (7th Cir.1990).

■ Yet the court did not dismiss the case under Local Rule 11D; instead it invoked Rule 4(m). Using Rule 4(m) is problematic not only because of the way *Robinson* understood "filing" but also because Rule 4(m) affords additional time to a plaintiff who can show "good cause for the failure" to serve within 120 days. Williams–Guice appealed to this language by pointing out that the process server she had hired made two unsuccessful attempts at service—the first on June 17, 1993, "only" 112 days from the expiration of the Local Rule 11D period. An employee of the Board of Education designated to receive service declined to accept the papers from the process server, deeming service untimely when measured from December 2, 1992, the date shown on the complaint. Inexplicably the process server picked up the papers and left. Talking the process server out of leaving the papers cannot exactly be called avoiding service, but it is not exactly cooperative either, and this episode might readily be called "good cause" for further delay. See *Bachenski v. Malnati,* 11 F.3d 1371, 1376–77 (7th Cir.1993); *Mid–Continent Wood Products, Inc. v. Harris,* 936 F.2d 297, 303 (7th Cir.1991). The district court did not analyze the events of June 17 and did not explain why they were insufficient to treat Rule 4(m) as satisfied, if, as the judge thought, the 120–day clock started on February 25, 1993.

■ Although Rule 4(m), as *Robinson* understood it, does not permit a district court to use Local Rule 11D to define "filing," the foundation of the delay in this case is not delay in service so much as it is delay in payment—and therefore in "filing" the complaint. *Gilardi* holds that the complaint is deemed filed when lodged with the clerk, provided the judge permits the plaintiff to proceed IFP. We did not discuss in *Gilardi* what happens when the judge denies the application. The parties have not discussed it either. Still, litigants' failure to address the legal question from the right perspective does not render us powerless to work the problem out properly. A court of appeals may and often should do so unbidden rather than apply an incorrect rule of law to the parties' circumstances. *United States National Bank of Oregon v. Independent Insurance Agents of America, Inc.,* —— U.S. ——, —— ——, 113 S.Ct. 2173, 2177–79, 124 L.Ed.2d 402 (1993); *Kamen v. Kemper Financial Services, Inc.,* 500 U.S. 90, 99, 111 S.Ct. 1711, 1717, 114 L.Ed.2d 152 (1991).

The tenth circuit's answer in *Jarrett* to the question "What happens if the judge denies the application?" is that the clock resumes ticking on the date of denial. *Jarrett* is a close parallel to *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), which dealt with the effect of a case improperly commenced as a class action. The Court concluded that the filing of the complaint suspends the running of the period of limitations for all members of the class the plaintiff seeks to represent, but that if the district judge declines to certify the class the time begins once again. The complaint in *American Pipe* had been filed 11 days before the expiration of the period of limitations, and the Court said that once the district court declined to certify the class other potential plaintiffs had only 11 days to file their own suits or intervene in the pending suit. Similarly, *Jarrett* held, the lodging of a complaint by a person who is not entitled to proceed IFP suspends the period of limitations, which begins once again when the judge decides that payment is essential. *Jarrett* makes explicit something that has been implicit in our cases. See, e.g., *Brown v. J.I. Case Co.,* 756 F.2d 48 (7th Cir.1985);

*Harris v. National Tea Co.,* 454 F.2d 307 (7th Cir.1971), both saying that the period of limitations is suspended while the judge rules on a motion that will affect the filing of the case (in *Brown* and *Harris,* a motion for the appointment of counsel to file the complaint). Several district courts in this circuit, noticing the implications of *Brown* and *Harris,* anticipated the holding of *Jarrett.* E.g., *Johnson v. Brown,* 803 F.Supp. 1414, 1419 (N.D.Ind. 1992); *Ortiz v. Clarence H. Hackett, Inc.,* 581 F.Supp. 1258, 1260 (N.D.Ind.1984); *Jefferson v. National Cleaning Co.,* 1990 WL 36728, 1990 U.S. Dist. LEXIS 2427 (N.D.Ill.). We agree with these courts that to suspend a period of limitations is not to deem it satisfied; if the motion is denied, the would-be plaintiff must act with dispatch.

■ Such an understanding protects both parties. The plaintiff remains entitled to litigate even if the district judge concludes that he is not entitled to proceed IFP. The defendant gets timely notice—for the plaintiff must pay the docket fee within the remainder of the period of limitations, and once the fee had been paid *Robinson* starts the clock for service under Rule 4(m). One potential pitfall deserves notice: suppose the plaintiff lodges the complaint (and application to proceed IFP) with two days to go and does not learn about the judge's order denying the complaint until the time has run? One potential answer is: "Tough luck, that's a consequence you accepted by waiting until the eleventh hour to file the complaint and seeking a dispensation to which you were not entitled." It is the answer the Supreme Court contemplated in *American Pipe.* See also *Brown,* 756 F.2d at 51. Another potential answer, however, is that the time remains in suspension for a reasonable time—perhaps a time defined by local rules—after the district court's order. The statute of limitations under Title VII is not jurisdictional, *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), and courts have some power to accommodate postal delays and other frictions within the system of litigation. On this understanding, a plaintiff in the Northern District of Illinois would have the greater of the time remaining in the period of limitations, or the 15 days provided by Local Rule 11D,

to pay the docket fee after the district judge denies the application for leave to proceed *in forma pauperis.* We need not choose, because the difference does not matter to this case. Williams–Guice had, by her own calculation, only 12 days remaining in the period of limitations when she lodged the complaint. She did not pay the fee until 103 days after the district court denied her application for leave to proceed IFP, so the difference between 12 and 15 days as a potential outer bound is inconsequential. The judgment of the district court dismissing the complaint therefore is correct—not for the reason the district judge gave, but because delay in paying the docket fee made the complaint untimely under the statute of limitations.

Although defendants have not formally pleaded the statute of limitations as a defense, they have not waived the right to do so. The case was dismissed for improper service of process, and therefore before the time had come to invoke the statute of limitations in the answer to the complaint. After the oral argument, we asked the parties for supplemental memoranda addressing the question whether we should follow *Jarrett;* defendants asked us to do so and to affirm on the basis of its reasoning. (Plaintiff did not respond to our invitation.) We see no point in remanding to the district court, for now that the legal rules have been clarified the application of the statute of limitations is straightforward. Wasted motion should be avoided when possible, and a remand would lead to nothing but paper-shuffling.

AFFIRMED.