114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Cleve JONES, Plaintiff-Appellant,
v.
Dave JULIAN, Allen Vehrs, Michael Camelli, Anthony
Bartolomei, and David Basile, of the Chicago
Heights Police Department, Defendants-Appellees.
 No. 96-1456.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 30, 1997.*
Decided May 13, 1997.
 
 Before FAIRCHILD, BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Cleve Jones brought a nineteen-count complaint alleging that defendants, various Chicago Heights police officers, had conspired to deprive him of his civil rights in 1991 by falsely arresting him and fabricating evidence in order to extort money and information from him, and in 1994 by destroying evidence found in his home to prevent him from bringing a civil rights action against them. The district court dismissed counts 1-18 on statute of limitations grounds, and dismissed count 19 for failure to state a claim on which relief may be granted. Jones appeals. We affirm in part, reverse in part, and remand for further proceedings.
 
 
 2
 The viability of Jones's first eighteen claims, all of which complain of defendants' alleged conduct in 1991, turns on timing. The district court dismissed them all as filed beyond the two-year statute of limitations for civil rights actions arising in Illinois, 735 ILCS 5/13-202; see Wilson v. Giesen, 956 F.2d 738, 740-42 (7th Cir.1992); Kalimara v. Illinois Dept. of Corrections, 879 F.2d 276 (7th Cir.1989). Jones claims that his unsuccessful attempts to file in October 1993 satisfy the limitations period. According to Jones, he submitted the complaint on October 12, 1993, but it was returned with instructions to refile it on a court-supplied form; he resubmitted the complaint on October 16, but the clerk's office claimed never to have received it. He claims that evidence of these mailings was among the documents that defendants removed and destroyed in a 1994 search of his home. Jones apparently did nothing until he resubmitted the complaint on September 12, 1994, and his delay in submitting a proper application to proceed in forma pauperis further delayed the filing of the complaint and issuance of summonses until January 11, 1995.
 
 
 3
 Jones cites a Title VII case, Loya v. Desert Sands Unified School District, 721 F.2d 279, 280 (9th Cir.1983), for the proposition that a complaint which arrives in the actual or constructive possession of the court clerk but which fails to conform with the formal requirements of the local rules should nonetheless be deemed "filed" for limitations purposes. See Gilardi v. Schroeder, 833 F.2d 1226, 1233 (7th Cir.1987) (same); Williams-Guice v. Board of Educ., 45 F.3d 161, 162-65 (7th Cir.1995) (discussing implications of Gilardi ). But even if this is true, and assuming that the clerk erred, Jones would still have been required to act promptly rather than allowing the matter to languish. See Williams-Guice, 45 F.3d at 165. He fails to explain how he found out that his complaint had not been filed. His unexplained inaction of nearly a year before filing the September 1994 complaint was unreasonable and highly prejudicial to the defendants, who had no notice of the action until 1995. To recognize the supposedly lost or misplaced October 1993 filings as having satisfied the statute of limitations would defeat the time limit's purpose of requiring the timely presentation of claims, see United States v. Kubrick, 444 U.S. 111, 117 (1979), and would abuse the concept of constructive filing or relation back.[1] The district court did not consider this particular argument, but we do not believe that the court erred in implicitly regarding the 1993 complaint as never having been filed.
 
 
 4
 As for the dismissal of count 19 for failure to state a claim, Fed.R.Civ.P. 12(b)(6), the district court found these allegations of illegal search and seizure to be "entirely conclusory as to the illegality of the search."[2] (Jan. 17, 1996 Order at 6-7.) The court also noted that Jones had attached to his opposition to defendants' motion to dismiss a copy of a consent form signed by his stepfather, Charles Davis, permitting the officers to search the residence. The court concluded that the consent not only contradicted Jones's conclusory allegation that the search was illegal, but also demonstrated that the search did not violate the Fourth Amendment.
 
 
 5
 Jones argues that the court converted the motion to dismiss into a motion for summary judgment without giving him notice. It appears that what the court actually did was construe the exhibits as extensions of his pleadings and dismiss upon finding that the pleadings thus construed were internally inconsistent. Regardless, the real problem lies in the district court's analysis. The allegation that the defendants were guilty of "fabricating exigency for police to gain forcible consent into plaintiff's home" is confusing but not, as the district court thought, inconsistent with the existence of his stepfather's consent to search. Jones explained in his opposition to dismissal that by "forcible consent" he meant that the consent to search was involuntary and extracted by threats. (For that matter, it has also not been established or conceded that his stepfather had authority to authorize a search of his adult stepson's portion of the residence.) In short, there is no fatal inconsistency that demonstrates Jones's lack of a claim.
 
 
 6
 As for count 19's specificity, we note that there is no heightened pleading standard for civil rights cases. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993). The basic notice pleading requirement is that "there must be sufficient facts pleaded to allow the court and the defendants to understand the gravamen of the plaintiff's complaint," Doherty v. City of Chicago, 75 F.3d 318, 326 (7th Cir.1996). Liberally construed, Jones's awkward claim alleges that defendants concocted a pressured situation to extract consent for an unjustifiable search that they used as an opportunity to destroy evidence. The claim is specific as to the date, location, individuals involved, and basis of the supposed illegality. Although it might be ultimately unsupported by evidence, the claim suffices to survive dismissal.
 
 
 7
 Jones also claims that the district court erred in denying his motion to amend the complaint to include the City of Chicago Heights as defendant. There is some confusion in the record as to whether Jones was instead attempting to add the Chicago Heights Police Department, a nonsuable entity. This matter is open to the district court's consideration on remand. In light of this disposition, we need not address Jones's remaining contentions of procedural error. The judgment of the district court is AFFIRMED with regard to the dismissal of counts 1-18; the dismissal of count 19 for failure to state a claim is REVERSED, and the cause REMANDED for further proceedings.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Jones also argues that the statute of limitations did not begin to run until the commission of the last overt act, apparently thinking of the rule for a continuing criminal conspiracy, see, e.g., United States v. Maloney, 71 F.3d 645, 659-60 (7th Cir.1995), cert. denied, 117 S.Ct. 295 (1996). The rule for civil conspiracies, however, is that the limitations period runs from discovery of each overt act. Scherer v. Balkema, 840 F.2d 437, 440 (7th Cir.1988)
 
 
 [2]
 We quote count 19 from Jones's handwritten complaint verbatim:
 Count 19: Stalking: That on April 7th, 1994, detective Dave Julian and Yorli Huff, NEMEG agents, compounded criminal charges with a Mrs. Catherine Sterling, and a NEMEG SOI going by the name of Willie, Sterling's guest, by offering Sterling and Willie a reduction on the intensiveness of their crimes in return for said sources to collude with police in fabricating exigency for police to gain forcible consent into plaintiff's home in furtherance of threats made by said Julian to illegally seize and distroy civil action evidence for damages against Julian and the CHPD and Yorli Huff where said evidence and impeaching evidence against said police was confescated and presumably distroied by Dave Julian and NEMEG agent McGuire.
 To translate, NEMEG stands for Northeast Metropolitan Enforcement Group, an anti-narcotics organization of state and local police officers, and SOI indicates a police "source of information" or informant. See United States v. Sanchez-Estrada, 62 F.3d 981, 983 (7th Cir.1995); United States v. Johnson, 22 F.3d 674, 676 n. 1 (6th Cir.1994).