**Glen BISHOP, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

**No. 2:99CV00135.**

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

March 16, 2000.

Lewey Keith Lee, Paul L. Phipps, Dawn Allison Mullins, Lee & Phipps, P.C., Wise, VA, for Plaintiff.

John F. Corcoran, U.S. Attorney's Office, Roanoke, VA, for Defendant.

**OPINION AND ORDER**

JONES, District Judge.

In this social security case, the Commissioner has filed a motion to dismiss based

on the statute of limitations. Finding that the statute was tolled while the court considered the plaintiff's application to proceed in forma pauperis, I deny the motion to dismiss.

## I

Glen Bishop filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claims for a period of disability, disability insurance benefits and supplemental security income benefits under titles II and XVI of the Social Security Act, 42 U.S.C.A. §§ 401–433, 1381–1383d (West Supp.1999) ("Act"). Jurisdiction of this court exists pursuant to 42 U.S.C.A. §§ 405(g) and 1383(c)(3).

On May 19, 1997, an administrative law judge issued a decision denying Bishop's claims.[1] Thereafter, Bishop requested review of this decision by the Social Security Administration's Appeals Council. On July 2, 1999, the Appeals Council mailed to Bishop notice of its denial of review and of his right to commence a civil action in this court within sixty days of receipt of the notice.

On August 23, 1999, Bishop submitted his complaint to the clerk of this court, along with an application to proceed in forma pauperis ("IFP"), pursuant to 28 U.S.C.A. § 1915(a) (West Supp.1999). The application was denied by order of a judge of this court on October 5, 1999. Thereafter, on October 8, 1999, Bishop paid the filing fee and the complaint was filed.

Following service of the summons and complaint, the Commissioner filed the present motion to dismiss, contending that this action was not commenced within sixty days of mailing of the final administrative decision, as required by the Act, and thus is time barred. The parties have submitted briefs, and the motion to dismiss is ripe for decision.

## II

■ The Act provides that civil actions seeking judicial review of a final decision of the Commissioner must be commenced within sixty days after the mailing of a notice of the decision. *See* 42 U.S.C.A. § 405(g).[2] An action is "commenced" when a complaint is filed with the court. *See* Fed.R.Civ.P. 3. This statute of limitations is not jurisdictional and is subject to equitable tolling. *See Bowen v. City of New York,* 476 U.S. 467, 478–80, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986).

■ Under these circumstances, the best rule is that where the plaintiff submits an IFP application, the relevant period of limitations is suspended until the court rules on the application. If the application is denied, the plaintiff still has the time remaining under the statute to pay the filing fee and commence the action. *See Williams–Guice v. Board of Education,* 45 F.3d 161, 164–65 (7th Cir.1995) (construing ninety-day period of limitations under title VII of Civil Rights Act of 1964).

That is what happened here. Bishop submitted his IFP application on the forty-seventh day after his presumed receipt of the notice from the Appeals Council. He paid the filing fee and filed his complaint within three days following the denial of his application. Accordingly, his action was timely.

**1.** The facts as represented by the parties have not been disputed.

**2.** This statute of limitations has been modified by the regulations so that it begins to run only upon receipt of the notice rather than upon its mailing. *See* 20 C.F.R. § 422.210(c) (1999). The regulations further provide that receipt is presumed to be five days after mailing, unless there is a "reasonable showing to the con-trary." *Id.* If the plaintiff rebuts the five-day presumption, the Commissioner has the burden of showing that the plaintiff received actual notice within the time provided in the regulations. *See McCall v. Bowen,* 832 F.2d 862, 864 (5th Cir.1987). Actual date of receipt is not an issue in this case, and it is thus presumed that the plaintiff received the notice five days after it was mailed.

## III

For the foregoing reasons, it is **OR-DERED** that the motion to dismiss (Doc. No. 2) is denied.