**Karen L. WELLS, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant,**

No. 2:00CV00008.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

July 10, 2000.

Roger W. Rutherford, Wolfe & Farmer, Norton, VA, for Plaintiffs.

Julie C. Dudley, U.S. Attorney's Office, Roanoke, VA, for Defendants.

## MEMORANDUM OPINION

SARGENT, United States Magistrate Judge.

### I. Procedural and Factual Background

Plaintiff, Karen L. Wells, filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying plaintiff's claim for supplemental security income, ("SSI"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 1381 *et seq.* (West 1991–1992 & Supp.2000). Prior to the filing of the administrative record, the Commissioner moved for Wells' action to be dismissed because it was not commenced within the 60–day period required in 42 U.S.C.A. § 405(g) (West 2000).

In support of his motion to dismiss, the Commissioner has filed the affidavit of Olga C. Kelly, Chief Court Case Preparation And Review Branch 2 of the Office of Hearings and Appeals. (Docket Item No. 4.) According to Kelly, an Administrative Law Judge, ("ALJ"), denied Wells' claim for SSI in an opinion dated March 26, 1998. (Docket Item No. 4, Exhibit 1.) Wells sought administrative review, and the Appeals Council denied her request for review on September 24, 1999. (Docket Item No. 4, Exhibit 2.) Wells was notified of the Appeals Council's decision and her right to commence a civil action within 60 days of her receipt of the Appeals Council's decision. (Docket Item No. 4, Exhibit 2.)

The Western District of Virginia's Big Stone Gap clerk's office received a complaint from Wells with an application to proceed in forma pauperis attached on November 29, 1999. (Misc. Case No. 2:99MC00010, Docket Item No. 1.) By order entered December 2, 1999, U.S. District Court Judge James P. Jones denied Wells' application to proceed in forma pauperis. (Docket Item No. 7, Attachment C.) A copy of this order was sent by the clerk's office to Wells' counsel, and Wells' counsel received this copy on December 6, 1999. (Docket Item No. 7, Attachment C.) On January 12, 2000, the clerk's office received the required $150.00 filing fee from Wells' counsel, and the clerk's office marked Wells' complaint "filed" as of January 12, 2000. (Docket Item No. 1.)

### II. Analysis

The Commissioner argues that Wells' case must be dismissed because it was not filed within 60 days of her receipt of the Appeals Council's unfavorable decision as required by 42 U.S.C.A. § 405(g). (Brief In Support Of The Commissioner's Motion To Dismiss, (Docket Item No. 3) ("Commissioner's Brief"), at 1.) The Commissioner also argues that no circumstances exist in this case to justify an equitable tolling of the 60–day filing requirement. (Commissioner's Brief at 6.) Wells, on the other hand, argues that her complaint was timely filed because it was "submitted" to the court on November 24, 1999. (Response To Defendant's Motion To Dismiss, (Docket Item No. 7) ("Plaintiff's Brief"), at 1.) In support of this argument, Wells' counsel has provided a copy of his cover letter dated November 24, 1999, forwarding Wells' complaint to the court. (Docket Item No. 7, Attachment B.)

In pertinent part, 42 U.S.C.A. § 405(g) states:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action *commenced* within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such ac-

tion shall be brought in the district court of the United States for the judicial district in which the plaintiff resides. . . .

42 U.S.C.A. § 405(g) (West Supp.2000) (emphasis added). The Commissioner, by regulation, has interpreted "mailing" as used in § 405(g) as the date of receipt of the Appeals Council's decision. *See* 20 C.F.R. § 422.210(c) (1999). This regulation also states:

> For purposes of the section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). Therefore, under usual circumstances, a claimant has 60 days plus five days, for a total of 65 days, from the date of the Appeals Council's decision during which to file a complaint seeking review by the district court. In this case, the Appeals Council's decision was dated September 24, 1999. (Docket Item No. 7, Attachment A.) A 65–day period beginning on September 25, 1999, would have ended on November 28, 1999, a Sunday. Rule 6 of the Federal Rules of Civil Procedure states:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, . . . in which event the period runs until the end of the next day which is not one of the aforementioned days.

FED. R. CIV. P. 6(a). Thus, Wells had until Monday, November 29, 1999, to "commence" her civil action challenging the Commissioner's denial of benefits. *See* 42 U.S.C.A. § 405(g).

The court's own files show that Wells' complaint, with an application to proceed in forma pauperis attached, was received by the clerk's office on November 29, 1999. The complaint was not marked "filed" at that time, however, because Wells had not paid the required $150.00 filing fee, *see* 28 U.S.C.A. § 1914(a) (West Supp.2000), nor had any judge granted Wells in forma pauperis status. The next day, Judge Jones denied Wells' application to proceed in forma pauperis, but his order was not entered until December 2, 1999. A copy of Judge Jones' December 2, 1999, order was received by Wells' counsel on December 6, 1999. Nonetheless, the required $150.00 filing fee was not forwarded to the clerk's office until January 12, 2000. On that date, the clerk marked Wells' complaint "filed," issued a summons to be served on the Commissioner and entered Wells' case on the court's docket. Wells' counsel has offered no explanation for the delay in forwarding the proper filing fee after denial of Wells' application to proceed in forma pauperis. Thus, the issue the court must determine in this case is whether receipt of a complaint without the proper filing fee is sufficient to "commence" a civil action.

Rule 3 of the Federal Rules of Civil Procedure states that a "civil action is *commenced* by filing a complaint with the court." FED. R. CIV. P. 3 (emphasis added). "Filing" is defined in Rule 5(e), which states: "The filing of papers with the court as required by these rules shall be made by filing them with the clerk of court. . . ." FED. R. CIV. P. 5(e). Rule 5(e) also states: "The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices." FED. R. CIV. P. 5(e). Unfortunately, the rules do not specify what requirements must be met before a document is to be considered "filed" with the clerk of court.

By statute, Congress has given each district court the authority, by rule or standing order, to require the advance payment

of fees, including filing fees. *See* 28 U.S.C.A. § 1914(c) (West 1994). At least two courts, which have adopted such a local rule or a standing order, have held that the advance payment of the $150.00 filing fee is required before a civil complaint will be considered "filed" or an action "commenced." *See Wanamaker v. Columbian Rope Co.,* 713 F.Supp. 533, 537–39 (N.D.N.Y.1989); *Keith v. Heckler,* 603 F.Supp. 150, 155–56 (E.D.Va.1985). Another court has held that, without such a local rule or standing order, clerks cannot require the advanced payment of fees, and, therefore, a complaint was "filed" as of the date received by the clerk's office. *See Bolduc v. U.S.,* 189 F.Supp. 640, 642 (D.Me.1960).

By practice, this court's clerk's office requires that the $150.00 filing fee must be received before a complaint will be marked "filed," unless a judge of the court has entered an order allowing the plaintiff to proceed in forma pauperis. Our district has no local rules, and my research has found no standing order which requires the advanced payment of fees. My research did discover that, earlier this year, Judge Jones considered the issue of whether a complaint was timely filed when it was received within the applicable limitations period with an application to proceed in forma pauperis attached, even though the application was not granted and the complaint not "filed" until the filing fee was paid after the limitations period had expired. *See Bishop v. Apfel,* 91 F.Supp.2d 893 (W.D.Va.2000). In that case, Judge Jones held that the 60–day limitations period set out in 42 U.S.C.A. § 405(g) was not jurisdictional and was subject to equitable tolling. *See Bishop,* 91 F.Supp.2d at 894 (citing *Bowen v. City of New York,* 476 U.S. 467, 478–80, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986)). Judge Jones wrote:

> Under these circumstances, the best rule is that where the plaintiff submits an [in forma pauperis] application, the relevant period of limitations is suspend-

ed until the court rules on the application. If the application is denied, the plaintiff still has the time remaining under the statute to pay the filing fee and commence the action.

91 F.Supp.2d at 894. *See also Jarrett v. U.S. Sprint Communications Co.,* 22 F.3d 256, 259–60 (10th Cir.1994).

In *Bishop,* the claimant's complaint and application to proceed in forma pauperis was received by the clerk's office on the 47th day after presumed receipt of the Appeals Council's denial of review. After denial of in forma pauperis status, Bishop paid the required filing fee within three days, and his complaint was filed at that time. *See* 91 F.Supp.2d at 894. Since the limitations period was suspended while the claimant's application to proceed in forma pauperis was pending, the claimant paid the filing fee, and the complaint was marked "filed," within the extended limitations period.

In this case, Wells' complaint and application to proceed in forma pauperis were received on the last day of the limitations period. Thus, if the reasoning of *Bishop* controls, Wells had no time remaining under the limitations period to pay the filing fee and commence the action after the denial of in forma pauperis status. This case is further complicated by the fact that Wells' filing fee was not paid until 41 days after in forma pauperis status was denied. Therefore, even a tolling of the limitations period will not save Wells' claim, if her complaint was not considered "filed" until the filing fee was paid on January 12, 2000.

Based on the facts of this case and the reasoning of other courts which have considered the same or similar issues, I believe that the better rule would be to find that, for purposes of determining whether Wells' civil action was commenced within the limitations period, her complaint was "filed" as of November 29, 1999, the date on which it was first received by the clerk's office.

In 1967, a previous judge of this court, the late Ted Dalton, held that a complaint was properly filed when it was delivered, along with the proper filing fee, to a deputy clerk at her home during the evening hours. *See Greeson v. Sherman,* 265 F.Supp. 340, 342, 345 (W.D.Va.1967). Judge Dalton reasoned that there was no impropriety in the plaintiff's method of filing, stating "[i]t is sufficient that the complaint was delivered to an officer of the court who is authorized to receive it." 265 F.Supp. at 342. In 1916, the Supreme Court held that a "paper is filed when it is delivered to the proper official and by him received and filed." *U.S. v. Lombardo,* 241 U.S. 73, 76, 36 S.Ct. 508, 60 L.Ed. 897 (1916). *See also Central States Southeast and Southwest Areas Pension Fund v. Paramount Liquor Co.,* 34 F.Supp.2d 1092, 1094–95 (N.D.Ill.1999) (filing of court document is complete once document is delivered to and received by proper official); *Freeman v. Giacomo Costa Fu Andrea,* 282 F.Supp. 525, 527 (E.D.Pa.1968) (delivery of a pleading to a proper court official is sufficient to constitute filing thereof). None of these cases, however, specifically considered whether a complaint, which was received without the proper filing fee, should be considered filed at the time received. The Supreme Court has held, however, that untimely payment of a filing fee did not "vitiate the validity" of a notice of appeal, which was delivered to the clerk's office within the required 30–day period but not marked "filed" until after payment of the proper fee. *Parissi v. Telechron, Inc.,* 349 U.S. 46, 47, 75 S.Ct. 577, 99 L.Ed. 867 (1955).

I cannot find that this district or the Fourth Circuit has ever considered the specific issue involved here. The Eleventh Circuit did consider and decide the issue in *Rodgers v. Bowen,* 790 F.2d 1550 (11th Cir.1986). The court in *Rodgers* recognized that, prior to the division of the circuit, it had rejected the theory that the timely payment of a filing fee was a jurisdictional requirement in *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544 (5th Cir.1978). *See* 790 F.2d at 1551–52. In *Rodgers* the Eleventh Circuit specifically held that a claimant's action was commenced within the 60–day limitation period contained in § 405(g) when the complaint was delivered to the clerk's office within the 60–day period even though it was not accompanied by the proper filing fee. *See* 790 F.2d at 1551–52.

In that case, the Appeals Council issued its final decision denying benefits on October 26, 1984. *See* 790 F.2d at 1551. On December 21, 1984, or 56 days later, Rodgers filed a complaint along with an application to proceed in forma pauperis with the district court seeking review of the Commissioner's decision. Rodgers' in forma pauperis application was denied on January 7, 1985, and Rodgers did not pay the required filing fee until February 12, 1985, or 36 days later. *See* 790 F.2d at 1551. Based on these facts, the Eleventh Circuit held that Rodgers' action was commenced on December 21, 1984. *See* 790 F.2d at 1551. The court stated, "We therefore hold that a complaint is 'filed' for statute of limitations purposes when it is 'in the actual or constructive possession of the clerk,' ... regardless of the untimely payment of the required filing fee." 790 F.2d at 1552 (quoting *Leggett v. Strickland,* 640 F.2d 774, 776 (5th Cir.1981)). *See also Lyons v. Goodson,* 787 F.2d 411, 412 (8th Cir.1986) (for purposes of statutes of limitations, a complaint is "filed" when it is lodged with the court even though it is technically deficient under the local rules); *Loya v. Desert Sands Unified School Dist.,* 721 F.2d 279, 281 (9th Cir.1983) (for purposes of statute of limitations, complaint is "filed" when arrives in the custody of clerk within the statutory period but fails to conform with formal requirements of local rules); *In re Horob,* 54 B.R. 693, 696 (Bankr.D.N.D.1985) (complaint is properly filed at the time it was received by the clerk even though the filing fee was not paid at that time).

The court in *Rodgers* stated that it could find no time limitation placed on the paying of a filing fee. *See* 790 F.2d at 1553. The court reasoned that a different ruling would place persons of limited means at a disadvantage.

> Indeed, a poor person who is not quite poor enough to proceed in forma pauperis may not be able to raise the filing fee immediately after an application to proceed in forma pauperis is denied. Some delay in such a case is understandable and precipitous dismissal . . . could deny that poor person access to the courts.

790 F.2d at 1553.

The Ninth Circuit also has held that a complaint is filed when it is delivered to the clerk even though it was not in compliance with local rules and the proper filing fee had not been paid. *See Cintron v. Union Pacific Railroad Co.*, 813 F.2d 917 (9th Cir.1987). In *Cintron*, the plaintiff submitted a check for $99.00 to the district court clerk along with his complaint. *See* 813 F.2d at 919. The correct filing fee was $60.00. The plaintiff also failed to attach a civil cover sheet to his complaint and failed to punch two holes in the top of his complaint as required by local rules. *See* 813 F.2d at 919. As a result, the clerk marked the complaint "Received and Returned" and returned the complaint and the check to plaintiff's counsel. 813 F.2d at 919. The complaint reached plaintiff's counsel two days after the applicable statute of limitations had run. Counsel corrected the defects and returned the complaint to the clerk, who filed the complaint six days after the statute of limitations had run. *See* 813 F.2d at 919.

In its opinion, the Ninth Circuit recognized that the decision as to whether the plaintiff had commenced his action within the applicable period of limitations turned on the court's definition of the word "file." *See* 813 F.2d at 920. The court stated:

> The consensus is that "[p]apers and pleadings including the original complaint are considered filed when they are placed in the possession of the clerk of the court."

813 F.2d at 920 (citations omitted). Based on this reasoning, the Ninth Circuit held that, for purposes of the statute of limitations, a complaint was "filed" when it was first delivered to the court, even though it was not accompanied by the proper filing fee. 813 F.2d at 921. To hold otherwise, the court reasoned, would elevate the filing fees set out in 28 U.S.C.A. § 1914 to the level of a jurisdictional requirement. *See* 813 F.2d at 920.

The Seventh Circuit also has considered the issue, but has come to a different conclusion. In *Williams–Guice v. Board of Educ.*, 45 F.3d 161, 164–65 (7th Cir. 1995), the Seventh Circuit held that the filing of an application to proceed in forma pauperis along with a complaint merely tolled the applicable limitations period until the court ruled on the application. If the application is denied, the court held that the limitations period continues to run, and the proper fee must be paid within the extended limitations period. *See* 45 F.3d at 164–65. The court's opinion turned on the language of 28 U.S.C.A. § 1915(a), which gives courts the authority to allow a plaintiff to proceed without prepayment of fees. In particular, the court stated:

> For [28 U.S.C.A. § 1915(a)] says that a court "may authorize the commencement . . . of any suit . . . without prepayment of fees and costs" if the plaintiff is unable to pay. To say that the judge may "authorize the commencement" of a suit is to imply that depositing a copy of the complaint with the clerk does not commence the litigation and therefore does not satisfy the statute of limitations. Only the judge's order permitting the plaintiff to proceed in forma pauperis, and accepting the papers for filing, would commence the action.

45 F.3d at 162.

Despite this argument, I am persuaded that the reasoning of *Rodgers* and *Cintron*

should be applied to the facts of this case. While Congress has given district courts the authority by local rule or standing order to require the advanced payment of filing fees, the district judges of this court have not chosen to do so. *See* 28 U.S.C.A. § 1914(c) (West 1994). Absent such a local rule or standing order, I can find no legal authority elevating the payment of the proper filing fee to a jurisdictional requirement. *See Cintron,* 813 F.2d at 920; *see also Bolduc,* 189 F.Supp. at 642; CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 4 FEDERAL PRACTICE AND PROCEDURE, § 1052 (West Supp.2000). Therefore, I find that Wells' complaint, for statute of limitations purposes, was filed on November 29, 1999, the date it was received by the clerk's office.

 I recognize that considering a complaint "filed" as of the date of its receipt could pose problems with securing service in a timely fashion under Rule 4(m) of the Federal Rules of Civil Procedure. *See Williams–Guice,* 45 F.3d at 162–63; *Robinson v. America's Best Contacts and Eyeglasses,* 876 F.2d 596 (7th Cir.1989). In particular, I note that although a complaint may be considered filed for statute of limitations purposes as of the date of its receipt, it will not be docketed and summons will not issue until the appropriate fee is paid. Therefore, an action could be subject to dismissal, if the plaintiff delayed payment of the filing fee and did not serve the defendant with the complaint within the 120–day period required by Rule 4(m). I note, however, that such is not the case here. Even though plaintiff's counsel did not pay the appropriate filing fee until January 12, 2000, summons was issued at that time and served on the appropriate government officials by certified mail prior to January 26, 2000—or within 58 days after the complaint was first received by the clerk's office.

Based on the above-stated reasons, the appropriate order will be entered instructing the Commissioner to file the adminis-

trative record so that I may consider this case on its merits.