Marge JARRELLS, Plaintiff–Appellant,

v.

SELECT PUBLISHING, INC.,
Defendant–Appellee.

No. 01–3723.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 6, 2002 *.

Decided May 7, 2002.

Before BAUER, KANNE, and DIANE P. WOOD, Circuit Judges.

ORDER

Marge Jarrells filed a complaint against Select Publishing, Inc., alleging that it refused to hire her because of her race and age. Twice the district court *sua sponte* granted Jarrells leave to file an amended complaint, so that she could allege that she filed the necessary charges of discrimination with the Equal Employment Opportunity Commission before instituting her lawsuit. After Jarrells failed to comply with the district court's orders, it dismissed her amended complaint with prejudice. We conclude that the district court held Jarrells to an unwarranted standard for pleading her case, and we therefore remand for further proceedings.

Between September 2000 and June 2001, Jarrells (acting *pro se* throughout) filed three separate complaints. Her amended complaint dated June 8, 2001, alleges that she is an African–American female born in 1941; that she believes she was discriminated against on the basis of her race and age when she tried to obtain a job with Select Publishing, Inc., as a telemarketer; and that she believes the reasons Select Publishing gave her when it rejected her were pretextual. The complaint gives details of the date when she applied for the

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed. R.App. P. 34(a)(2).

job, the name of the person to whom she spoke, the qualifications that were listed in the advertisement, the date of her interview, and the fact that a representative from Select Publishing told her over the telephone that positions were still available after she had been told that everything had been filled. This is more than enough, under the standards recently reaffirmed by the Supreme Court in *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), to meet the requirements of Fed.R.Civ.P. 8 of setting forth a "short and plain statement of the claim showing that the pleader is entitled to relief."

The only reason the district court thought otherwise was Jarrells's failure to include in her complaint any information about her satisfaction of the administrative prerequisites for filing a Title VII case. The court dismissed her original complaint without prejudice because she failed to allege that she had filed the requisite charges with the EEOC and gave her two weeks to submit an amended complaint. The court specifically instructed her to attach her right-to-sue letter from the EEOC to the complaint. Alternatively, it instructed her to allege in her complaint that she received a right-to-sue letter on her discrimination claims or, with respect to her age discrimination claim, that she had filed a charge of discrimination with the EEOC 60 days before filing suit.

In response to that order, Jarrells filed a document along with copies of two letters she had received from the EEOC. The district court refused to accept that filing because it did not conform to the pleading requirements set forth under Fed.R.Civ.P. 10. It gave her another two weeks to file an amended complaint and reminded her that she needed to include the specific information mentioned in the court's prior order. Jarrells then filed the June 8, 2001, amended complaint, but it contained the same deficiencies the court had perceived in the earlier versions: it did not allege that she had received a right-to-sue letter from the EEOC with respect to her discrimination claims. Select Publishing accordingly moved to dismiss the amended complaint. The district court granted its motion, concluding that Jarrells had failed to cure the defects in her original complaint.

■ We conclude that this dismissal was premature. This court has held that the requirement that a plaintiff have filed EEOC charges before suit is not intended to erect an elaborate *pleading* requirement or to allow form to prevail over substance. *Cable v. Ivy Tech State College,* 200 F.3d 467, 477 (7th Cir.1999). The Supreme Court has also observed more generally that procedural technicalities should not be used to bar a Title VII claim. *Zipes v. Trans World Airlines,* 455 U.S. 385, 397–98, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). It seems to us that the need to have a right-to-sue letter is more like a requirement of administrative exhaustion or the performance of a condition precedent to sue. Although in general parties should be encouraged to plead fulfillment of conditions precedent, see *Gooding v. Warner-Lambert Co.,* 744 F.2d 354, 359 (3d Cir. 1984), dismissal is not warranted if it appears otherwise that the required conditions were fulfilled. See *Baltzer v. City of Sun Prairie Police Dep't,* 725 F.Supp. 1008, 1016–17 (W.D.Wis.1989). Jarrells was trying to do exactly that, in her defective first amended complaint. In the materials she has submitted to this court, she has included a right-to-sue letter from the EEOC dated June 6, 2000, which refers to both an age discrimination claim and a Title VII claim.

■ It appears that Jarrells did submit this letter to the district court, albeit included with numerous other exhibits she submitted with her written response. Be-

cause she was proceeding *pro se*, we think that the court should have taken it into account. We note that one issue remains about the timeliness of her suit. The right-to-sue letter was dated June 6, 2000. Jarrells's original complaint was "received" by the district court on July 7, 2000, well within the 90–day period she had for bringing a suit, but it was not docketed as "filed" until September 15, 2000, 101 days later. The reason for the delay was that Jarrells submitted with her complaint an application for leave to proceed *in forma pauperis*. On July 31, the district court denied her IFP application and gave her until August 21 to pay the filing fee. She did so on August 21, and thus the complaint should be deemed filed on that date notwithstanding the later date indicated on the docket sheet. See *Williams–Guice v. Board of Education*, 45 F.3d 161, 162 (7th Cir.1995); see also *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir.1997). (The 90–day period was in any event suspended pending the court's resolution of the IFP application; it resumed running on July 31 when the application was denied. See *Williams–Guice*, 45 F.3d at 164–65.) We conclude that the original complaint was timely. Furthermore, the amended complaint Jarrells filed on June 8, 2001, asserts claims arising out of the same "conduct, transaction or occurrence set forth or attempted to be set forth in the original complaint," and we are satisfied that it related back to the original complaint under Fed.R.Civ.P. 15(c). This much, at least, is not a problem in her case.

Finally, we add a word about service of process. The district court appears to have been concerned that Jarrells was not following certain Wisconsin state rules for serving process on Select Publishing, because she was using regular mail. Jarrells, however, seems to have been trying to take advantage of the waiver of service provision of Fed.R.Civ.P. 4(d), which allows a plaintiff to serve notice of the commencement of an action and a request for waiver of service using "first-class mail or other reliable means," Rule 4(d)(2)(B). (For example, she refers in both her opening brief and in her reply brief to her inclusion of a Waiver of Summons form with the mailed materials.) If the defendant accepts this informal service, then the case can proceed; the defendant has at least 30 days in which to respond, if it is within the country. Only if the defendant refuses to accept informal service must the plaintiff resort to the more formal mechanisms spelled out in Rule 4. On remand, plaintiff should be given an opportunity to perfect service through any manner authorized by Rule 4, unless the district court finds that this has already been satisfactorily accomplished.

The judgment of the district court is REVERSED and the case Is REMANDED for further proceedings consistent with this order.