Marcus D. ROBINSON, Plaintiff–Appellant,

v.

AMERICA'S BEST CONTACTS AND EYEGLASSES, Defendant–Appellee.

No. 88–2990.

United States Court of Appeals, Seventh Circuit.

Argued March 27, 1988.

Decided June 8, 1989.

James P. Martin, Florence M. Cole, Chicago, Ill., for plaintiff-appellant.

William J. Stevens, Foss, Schuman & Drake, Chicago, Ill., for defendant-appellee.

Before BAUER, Chief Judge, KANNE, Circuit Judge, and HENLEY, Senior Circuit Judge.*

HENLEY, Senior Circuit Judge.

In this appeal Marcus D. Robinson challenges the district court's denial of his Rule 60(b) motion to vacate the court's prior order dismissing Robinson's pro se Title VII complaint for failure to execute service of process in compliance with Fed.R.Civ.P. 4(j). For reversal, Robinson argues that his complaint was not "filed" within the meaning of Rule 4(j) until January 26, 1988, rather than November 23, 1987, as urged by defendant America's Best Contacts and Eyeglasses (America's Best), and as implicitly found by the district court. We agree, and reverse and remand.

The pertinent facts are best understood if presented chronologically. Robinson was discharged from his employment at America's Best on October 7, 1985. On March 11, 1986 Robinson filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging that he was terminated because of his race. The EEOC issued a ninety-day right-to-sue letter on October 28, 1987. On November 23, 1987 Robinson presented a pro se employment discrimination complaint to the clerk of the United States District Court for the Northern District of Illinois. At the same time, Robinson filed a petition for leave to proceed in forma pauperis and a request for the appointment of counsel. Because Robinson did not have the money to pay the filing fee, his complaint was simply marked "received" and "docketed"; summons was not issued. Robinson's requests to proceed in forma pauperis and for the appointment of counsel were denied on November 30, 1987. Thereafter Robinson sought and was granted a ninety-day extension of time within which to pay the filing fee. On January 25, 1988 Robinson paid the fee and

on January 26, 1988 the clerk stamped his complaint "filed" and issued summons, which was mailed to Robinson for service.[1] Summons was served on America's Best on May 19, 1988. On June 6, 1988 America's Best moved to dismiss the action pursuant to Rule 4(j), arguing that Robinson's complaint was filed November 23, 1987, more than one-hundred-twenty days before the service of summons. The district court granted the motion and dismissed Robinson's complaint without prejudice. Robinson's subsequently filed motion to vacate the dismissal was denied and this appeal followed.

Our review of a district court's order denying a motion for reconsideration is limited to a determination of whether the court abused its discretion. *Gomez v. Chody*, 867 F.2d 395, 405 (7th Cir.1989). After examining the record and the applicable authorities, we are convinced that such a showing has been made in the case at hand.

In relevant part, Fed.R.Civ.P. 4(j) provides:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made ..., the action shall be dismissed as to that defendant without prejudice.
>
> . . . .

As noted above, the issue before us in the present case is whether Robinson's complaint was filed within the meaning of Rule 4(j) on November 23, 1987 or January 26, 1988. Of relevance to this question, 28 U.S.C. § 1914(c), which governs federal district court filing fees, provides that "[e]ach district court ... may require advance payment of fees" before an action is deemed "filed." *See also Keith v. Heckler*, 603 F.Supp. 150, 156–57 (E.D.Va.1985) (in-depth discussion of whether, under § 1914(c) and local rules, advance payment of filing fees

---

* The Honorable J. Smith Henley, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. Although not relevant to any issue in the case, we note that January 26, 1988 is within ninety days of the issuance of the EEOC's right-to-sue letter.

is required before a complaint is deemed filed). Significantly, the local rule governing the commencement of actions in the Northern District of Illinois reads in relevant part as follows:

RULE 11. Payment of Fees in Advance; *Pro Se* and *in Forma Pauperis* Matters; Sanctions

\*　　\*　　\*　　\*　　\*　　\*

(b) Any complaint in a civil action presented for filing without prepayment of the prescribed fees that is accompanied by a petition for leave to file *in forma pauperis* together with an affidavit of financial status in the form prescribed by the Executive Committee of this Court shall be accepted by the clerk. The petition for leave to file *in forma pauperis* and the accompanying affidavit of financial status shall be filed and assigned to a judge in accordance with the procedures established by these rules. The complaint shall be stamped received as of the date presented.... If the judge grants plaintiff leave to file, the complaint shall be filed as of the date of such order except as otherwise provided in the order and summons will issue forthwith.

\*　　\*　　\*　　\*　　\*　　\*

(c).... Where the petition is denied, the clerk shall notify the petitioner of the requirements to pay the prescribed fees....

\*　　\*　　\*　　\*　　\*　　\*

(d).... If the required fees are not paid within 15 days of the date of such notification, or within such other time as may be fixed by order of the court, the clerk shall notify the judge before whom the matter is pending of the nonpayment. The court may then apply such sanctions as it determines necessary including dismissal of the action.

Local Rules of Practice, United States District Court for the Northern District of Illinois. (Effective February 3, 1986.)

Clearly, these portions of Rule 11 indicate that Robinson's complaint was not "filed" prior to the payment of the requisite filing fee, and that following the denial

of Robinson's request to proceed in forma pauperis a new date was set for payment of the fee and issuance and service of process. Indeed, as indicated above, after receiving notification of the denial of his request to proceed in forma pauperis, Robinson sought and was granted a ninety-day extension in which to pay the filing fee. There is no dispute that the fee was paid within this period. In these circumstances, to hold that the one-hundred-twenty day requirement of Fed.R.Civ.P. 4(j) began to run on the date that Robinson originally presented his complaint to the district court would appear to be somewhat in disharmony with both the provisions of Local Rule 11 governing requests to proceed in forma pauperis and with the district court's grant of Robinson's request for an extension of time in which to pay the filing fee. A plain reading of Local Rule 11 reflects that this is not the intended result. The rule explicitly provides that a complaint presented before the payment of the filing fee may be *accepted* by the clerk of court; the additional provisions of the rule govern the *filing* of the complaint after the request to proceed in forma pauperis has been ruled upon and the filing fee paid, if required.

Interestingly, a subject of much judicial discussion concerns the application of the requirement contained in Fed.R.Civ.P. 4(a) that "[u]pon the filing of the complaint the clerk shall forthwith issue a summons ...." in the context of a case to which 28 U.S.C. § 1915 (governing requests to proceed in forma pauperis and for the appointment of counsel) has been implicated. *See, e.g., Bryan v. Johnson,* 821 F.2d 455, 456–57 (7th Cir.1987); *Wartman v. Milwaukee County Court,* 510 F.2d 130, 132–34 (7th Cir.1975); *Startti v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *Cole v. Smith,* 344 F.2d 721, 723 (8th Cir.1965). It seems clear, however, that where a proposed dismissal under Fed.R.Civ.P. 4(j) is at issue, simple justice requires that summons need not be issued and service had until after the denial of in forma pauperis status and the fixing of a new time for the payment of filing fees. This is particularly evident where, as here, a governing local rule explicitly so provides.

We conclude that the district court abused its discretion in denying Robinson's motion for reconsideration, and reverse and remand the case for further proceedings not inconsistent with this opinion.