928 F.2d 407
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ernst PERKINS, Plaintiff/Appellant,
v.
Daniel ALESI, Chicago Police Officer and Clay Steen, Chicago
Police Officer Defendants/Appellees.
 No. 90-1520.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 27, 1991.*
Decided March 14, 1991.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 85 C 5466, Marvin E. Aspen, Judge.
 N.D.Ill.
 AFFIRMED.
 Before CUDAHY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Ernst Perkins appeals pro se the district court's denial of his motion to reinstate and his motion for leave to amend his civil rights complaint. We affirm.
 
 
 2
 In 1984 Perkins brought a 42 U.S.C. Sec. 1983 action against defendant police officers Alesi and Steen, alleging that they caused a denial of his right to a speedy trial. The district court dismissed the action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. We affirmed by unpublished order (Appeal No. 84-2660).
 
 
 3
 In 1985 the plaintiff brought another Sec. 1983 action alleging that the defendants Alesi and Steen violated his right to a speedy trial. Once again, the district court dismissed this action for failure to state a claim. We affirmed the dismissal by unpublished order, holding that the doctrine of res judicata barred plaintiff's second Sec. 1983 action (Appeal No. 85-2115). Four years later, Perkins filed motions to reinstate his case and to amend the complaint, which the district court denied by minute order without stating reasons for its decision.
 
 
 4
 We affirm the district court's denial of plaintiff's motions to reinstate and to amend the complaint, despite its failure to articulate the basis for its decision. DiLeo v. Ernst & Young, 901 F.2d 624, 626 (7th Cir.1990). Here, the plaintiff's complaint is fatally deficient, thus a remand would unnecessarily delay the case without contributing to "accurate resolution." Id. The district court did not abuse its discretion in denying plaintiff's motion to reinstate. Robinson v. America's Best Contacts and Eyeglasses, 876 F.2d 596 (7th Cir.1989) (appellate review of district court's order denying relief under Rule 60(b) is limited to an abuse of discretion).
 
 
 5
 The grounds for filing a Rule 60(b) motion include mistake, inadvertence, excusable neglect, surprise, newly discovered evidence, and other reasons set forth in the rule. Vukadinovich v. McCarthy, 901 F.2d 1439, 1445 (7th Cir.1990). These grounds must be stated and supported in the Rule 60(b) motion. Id. Even when viewing plaintiff's complaint liberally, plaintiff's assertions fail to suggest any reason to vacate the judgment and reinstate the case. Plaintiff's motion merely restates the events alleged in his previously dismissed Sec. 1983 complaints.
 
 
 6
 Plaintiff incorrectly argues that Rule 15(a) allows him to amend his complaint once as a matter of course. This right is lost after entry of judgment. Twohy v. First Nat. Bank, 758 F.2d 1185, 1196 (7th Cir.1985). After judgment is entered, the complaint can only be amended with "leave of court" and after a successful Rule 59(e) or Rule 60(b) motion. Amendola v. Bayer, 907 F.2d 760, 765 n. 5 (7th Cir.1990) (citing Twohy, 758 F.2d at 1196). Here, plaintiff's Rule 60(b) motion failed, thus the district court did not abuse its discretion in denying leave to amend.
 
 Accordingly, we
 
 7
 AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that nay party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs