962 F.2d 11
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Angel K. VARTIVARIAN, Plaintiff-Appellant, Cross-Appellee,
v.
GOLDEN RULE INSURANCE COMPANY, Defendant-Appellee, Cross-Appellant.
 Nos. 91-2318, 91-2439.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 24, 1992.*
Decided May 13, 1992.
Rehearing and Rehearing En Banc Denied June 3, 1992.
 
 Before RIPPLE and MANION, Circuit Judges, and GRANT, Senior District Judge**
 ORDER
 Plaintiff, Angel Vartivarian, appeals from an order granting summary judgment for defendant Golden Rule Insurance Company on her claim under Title VII, 42 U.S.C. § 2000e. Golden Rule cross-appeals, challenging the district court's denial of its motion to dismiss for insufficiency of service of process.
 A. BACKGROUND
 Ms. Vartivarian is a Jordanian citizen with the status of permanent resident in the United States. In March 1984, she was hired by Golden Rule Insurance Company to work as a secretary-service assistant in its Rolling Meadows office. In August 1985 and February 1986, vacancies arose for the position of office manager. When Ms. Vartivarian applied for the vacancy in 1985, she was told by the regional marketing director, Jeffrey Nasser, that he was not considering secretaries for the position. Although that vacancy was ultimately filled by a man in Golden Rule's management training program, the vacancy in February 1986 was filled by Nasser's personal secretary, Christine Herbst. Ms. Herbst was not the first secretary at Golden Rule to be promoted to office manager.
 Ms. Vartivarian filed a discrimination charge with the Equal Employment Opportunity Commission in May 1986. In February 1988, she filed a complaint in federal district court, alleging that Golden Rule had failed to promote her on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(a). The case was initially referred to a magistrate-judge to conduct hearings on dispositive pretrial matters.
 On June 14, 1988, Golden Rule filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 4(j), alleging that it had never been served with a copy of the complaint. On the magistrate-judge's recommendation, that motion was denied.
 On August 25, 1988, the parties filed their written consent to proceed before the magistrate-judge pursuant to 28 U.S.C. § 636(c). Cross-motions for summary judgment followed. The magistrate-judge granted the defendant's motion and denied plaintiff's motion in a memorandum and order dated May 10, 1991. This appeal followed.
 B. MOTION TO DISMISS
 On June 14, 1988, Golden Rule filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 4(j), alleging insufficiency of service of process. At a hearing on July 27, 1988, the magistrate-judge found that the plaintiff's failure to perfect service within the 120 days required under Rule 4(j) was due to mishandling of service by the U.S. Marshall's Office, and recommended that the defendant's motion to dismiss be denied and that Ms. Vartivarian be given an extension of 90 days to perfect service. The district court adopted the magistrate-judge's recommendation in part and denied the motion to dismiss by minute order dated July 29, 1988. The court, however, declined to grant an extension of time for service, but rather directed Golden Rule to answer the complaint or otherwise plead within 14 days. Golden Rule's motion to reconsider was summarily denied on August 11, 1988.
 On appeal, Golden Rule reasserts the arguments made in its motion to reconsider. It contends that Ms. Vartivarian failed to perfect service within the requisite 120 days as required by Fed.R.Civ.P. 4(j); that she failed to show good cause why service had not been made; and, that her complaint therefore should have been dismissed pursuant to Rule 4(j). We review the district court's order denying the motion for reconsideration under the abuse of discretion standard. Robinson v. America's Best Contacts and Eyeglasses, 876 F.2d 596, 597 (7th Cir.1989); Gomez v. Chody, 867 F.2d 395, 405 (7th Cir.1989).[1]
 Fed.R.Civ.P. 4(j) provided in pertinent part:
 If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice....
 Dismissal is thus obligatory under Rule 4(j), unless a delay in obtaining service is attributable to "good cause." See Powell v. Starwalt, 866 F.2d 964, 965 (7th Cir.1989). In the present case, the magistrate-judge found that the plaintiff reasonably relied on the U.S. Marshall's Office to perfect service, that the Marshall's Office failed to obtain proper service for reasons which were not attributable to the plaintiff, and that good cause therefore existed for the delay and for granting an extension of time to perfect service. The district court agreed. After reviewing the record and applicable authority, we conclude that there has been no abuse of the court's discretion in the present case.[2]
 C. SUMMARY JUDGMENT
 A plaintiff alleging a violation of Title VII has the ultimate burden of establishing that her employer took an adverse action against her on the basis of an impermissible factor, in this case, national origin. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). She may try and prove discrimination by direct evidence that national origin was more likely the motivating factor, or she may use the indirect method of proof set forth in McDonnell Douglas. Ms. Vartivarian chose the latter.[3]
 Under the indirect method of proof, a plaintiff must first establish a prima facie case of discrimination. Billups v. Methodist Hospital of Chicago, 992 F.2d 1300, 1302 (7th Cir.1991). Once that burden has been met, the employer must then articulate some legitimate nondiscriminatory reason for the adverse job action. Id. If the employer satisfies that requirement, "the burden of production shifts back to the employee to prove by a preponderance of the evidence that the proffered reason was really a pretext for discrimination." Id. at 1302-03.[4]
 Golden Rule did not challenge Ms. Vartivarian's prima facie showing in its motion for summary judgment, but rather focused its arguments on her inability to show that a discriminatory motive existed for failing to promote her. Golden Rule contends that it articulated a legitimate non-discriminatory reason for its actions, as evidenced by Jeffrey Nasser's affidavit in support of the summary judgment motion. Mr. Nasser attested that:
 The reason why I did not select Vartivarian for the position of office manager on these two occasions was her interpersonal skills, i.e., her inability to get along with other secretaries and employees in the office.
 The burden thus shifted to Ms. Vartivarian to show that this explanation was merely a pretext for discrimination; a burden which Golden Rule contends Ms. Vartivarian failed to meet.
 In response to the motion for summary judgment, Ms. Vartivarian presented several job performance evaluations which showed that she either met or exceeded requirements for normal progression in all categories, including teamwork and cooperation. She also presented evidence which showed that she had intermittently assumed the duties of office manager in the past without any criticism of her performance. Ms. Vartivarian contends that this evidence was sufficient to raise an inference of discriminatory motive, and to overcome Golden Rule's summary judgment motion.
 The magistrate-judge agreed that there were indeed questions of fact concerning whether the defendant had truthfully explained why Ms. Vartivarian had not been promoted. Nevertheless, she concluded that summary judgment was proper because Ms. Vartivarian's explanation did not exclude the possibility that Golden Rule's action was based on a motivation other than ethnic bias. Unwilling to draw an inference of discrimination from the fact that Golden Rule may not have been truthful about its explanation, the magistrate-judge required direct evidence of discrimination. Finding none, she granted Golden Rule's motion for summary judgment.
 We believe that the magistrate-judge required too much of the plaintiff at the summary judgment stage. The plaintiff was proceeding under the indirect method of proof. It was therefore incumbent upon her to establish (1) that the proffered reason had no basis in fact, (2) that the proffered reason did not actually motivate the employment decision, or (3) that the employer's reasons were insufficient to motivate the action taken. Weihaupt v. American Medical Ass'n, 874 F.2d 419, 428 (7th Cir.1989). When Ms. Vartivarian presented evidence that showed her past performance on the job and her ability to interact with other employees was not inadequate, she presented a genuine issue of fact as to whether Golden Rule lied about her alleged performance deficiencies. "If the only reason an employer offers for firing an employee is a lie, the inference that the real reason was a forbidden one ... may rationally be drawn." Shager v. Upjohn Co., 913 F.2d 398, 401 (7th Cir.1990).
 Therefore, on the record before us, there is a genuine issue of triable fact as to whether Golden Rule's employment decision was based on Ms. Vartivarian's ethnic background. We emphasize that we hold only that, on this record, summary judgment is inappropriate. The plaintiff retains the ultimate burden of establishing that the adverse employment action was based on her ethnic background. Burdine, 450 U.S. at 253; Williams v. Williams Electronics, Inc., 856 F.2d 920, 923 (7th Cir.1988).
 D. CONCLUSION
 For the foregoing reasons, the judgment of the district court is reversed and the case is remanded for further proceeding consistent with this opinion. The defendant-appellee shall bear costs in this court.
 REVERSED AND REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Hon. Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 We have reviewed Ms. Vartivarian's contention that we lack jurisdiction over this matter and conclude it is without merit
 
 
 [2]
 Rather than granting an extension of time for service, the court merely directed the defendant to respond to the complaint. Golden Rule mentions this point only in passing. Appellee's Br. at 19. This is insufficient to present the issue on appeal. See Fed.R.App.P. 28(a)(4); Beard v. Whitley County REMC, 840 F.2d 405, 408 (7th Cir.1988)
 
 
 [3]
 The magistrate-judge found Ms. Vartivarian's direct evidence of discrimination inadmissible double-hearsay, and thus insufficient to overcome a motion for summary judgment. Fed.R.Civ.P. 56(e). Ms. Vartivarian does not challenge that finding on appeal
 
 
 [4]
 "A pretext, in employment law, is a reason that the employer offers for the action claimed to be discriminatory and that the court disbelieves, allowing an inference that the employer is trying to conceal a discriminatory reason for his action." Visser v. Parker Engineering Associates, Inc., 924 F.2d 655, 657 (7th Cir.1991) (en banc)