**Judith Ann HEENAN, Plaintiff,**

v.

**NETWORK PUBLICATIONS, INC., Defendant.**

**Civ.A. No. 1:97CV2101RWS.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 6, 1998.

John Louth Welsh, II, Lawrenceville, GA, for plaintiff.

Stephen Xavier Munger, Edward Marc Cherof, Charles Douglas Best, Emily S. Blumenthal, Jackson, Lewis, Schnitzler & Krupman, Atlanta, GA, for defendant.

## ORDER

STORY, District Judge.

This case is presently before the Court on the Magistrate Judge's Report and Recommendation [10–1]. Defendant has filed an objection to the Report and Recommendation. Having considered the Report and Recommendation, Defendant's objection, and the entire record, the Court enters the following Order.

### STATEMENT OF FACTS[1]

Plaintiff was terminated from her position as a screen proofer with Defendant Network Publications, Inc. on March 18, 1996. Subsequently, on July 23, 1996, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that her discharge was based on her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* After issuing a "no cause" finding, the agency sent Plaintiff a right to sue letter on March 22, 1997.

On June 13, 1997, Plaintiff filed the instant action alleging sex discrimination and retaliation in violation of Title VII. Additionally, when Plaintiff filed her Complaint, she also requested permission to proceed *in forma pauperis.* On July 16, 1997, Magistrate Judge Dougherty signed an order allowing Plaintiff to proceed *in forma pauperis* and

1. The Statement of Facts is taken from the Magistrate Judge's Report and Recommendation. The Court has added additional findings of fact which are necessary in light of the Court's ruling.

2. The Order was dated July 16, 1997. However, the order was not entered by the Clerk until July

*pro se* and directing that the Clerk forward service forms and summons forms to Plaintiff to be returned within thirty (30) days from the date of the order. The order was filed by the Clerk on July 17, 1997. On July 28, 1997, the order was entered on the docket by the Clerk and a copy of the complaint and the service forms and summons forms were forwarded to Plaintiff. Plaintiff returned the forms on August 27,1997.[2] On September 2, 1997, the Clerk issued the summons and forwarded the documents to the Marshals for service.

Although Plaintiff initially filed the instant action *pro se,* Plaintiff was represented by counsel during much of the relevant period. In fact, Plaintiff retained Mr. John L. Welch, II, Esquire, on August 27, 1997. On September 26, 1997, Plaintiff's attorney contacted the Clerk's office to check the status of the service. At that time, Plaintiff indicates that her counsel was informed that the summons and complaint had been forwarded to the United States Marshals for service on Defendant. Additionally, in October, 1997, Plaintiff's attorney again contacted the Clerk's office in order to inquire about the pending service on Defendant. Although Plaintiff's attorney received assurances that service would be completed, it was not. Subsequently, on November 14, 1997, Plaintiff's attorney spoke with the United States Marshal's Service in order to further inquire about the status of the service on the Defendant in this case. Ultimately, on November 21, 1997, Plaintiff was notified that Defendant had been properly served on November 18, 1997.

### DISCUSSION

Defendant contends that the Complaint must be dismissed because Plaintiff failed to comply with the requirements of Rule 4(m) of the Federal Rules of Civil Procedure which provides:

"If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the Court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that

28, 1997. Therefore, if the thirty (30) days are calculated from the date of entry of the order, Plaintiff returned the forms timely, but if the thirty (30) days are calculated from the date of the order, Plaintiff returned the forms late.

defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the Court shall extend the time for service for an appropriate period."

■ The magistrate judge found that Plaintiff established "good cause" for the failure to perfect service and recommended that the Motion to Dismiss be denied. This conclusion was based on the finding that Plaintiff had been *pro se* through a substantial part of the 120–day period and had reasonably relied on the Marshals to properly effect service. *Dumaguin v. Secretary of Health and Human Services*, 28 F.3d 1218 (D.C.Cir. 1994). The Eleventh Circuit has stated "that *in forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service, and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part." *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir.1990).

Defendant contends that the magistrate judge erred in finding "good cause." Defendant asserts that the magistrate judge improperly relied on cases in which the plaintiff was *pro se* in spite of the fact that Plaintiff in the instant action retained counsel more than a month before expiration of the 120–day period for service. Defendant's position is that the presence of an attorney in the case for Plaintiff negates Plaintiff's claim of good cause.

Defendant relies on two cases in which the plaintiff began the case *pro se* and retained counsel before the 120–day period expired, *Madison v. BP Oil Co.*, 928 F.Supp. 1132 (S.D.Ala.1996) and *Cox v. Arizona League of Professional Baseball Clubs*, 151 F.R.D. 436 (M.D.Fla.1993). However, each of these cases can be distinguished from the case at bar. In *Madison*, the plaintiff made no effort to serve the defendants within the 120–day period. In *Cox*, the plaintiff had obtained a 60–day extension in which to effect service. However, there was no evidence that plaintiff made any effort to effect service except for the sending of a letter requesting that the defendants acknowledge service four days before the end of the 60–day extension. In the case at bar, Plaintiff completed and returned the service documents to the Clerk.

Plaintiff's counsel checked before the deadline to confirm that the Marshals were taking care of service and was assured that they were. Thus, Plaintiff did not totally ignore her obligation.

Defendant relies on two cases in which Plaintiff was never *pro se* which can also be distinguished from the case at bar. In *Knorr v. Coughlin*, 159 F.R.D. 5 (N.D.N.Y. 1994), efforts were made by the Marshals to serve the defendants. However, the summons for several of the defendants were returned unexecuted within 76 days of the filing of the complaint. Plaintiff's counsel pursued no discovery and made no efforts to perfect service on those defendants until almost nine months had passed since the filing of the complaint. In *Traina v. U.S.*, 911 F.2d 1155 (5th Cir.1990), plaintiff served defendant through the U.S. Marshal's Service. However, the service was improper. The defendant filed an answer asserting as its first defense that service of process was insufficient. The answer was filed well within the 120 days allowed for proper service. However, plaintiff's counsel failed to make a diligent inquiry which would have disclosed that service had not been effected. Neither of these cases is analogous to the case at bar. Plaintiff in the case at bar was never put on notice concerning any problems with serving Defendant. She was advised that the Marshals had the papers, and Defendant would be served. Therefore, the Court is unpersuaded by Defendant's argument that the magistrate judge erred in finding good cause.

The Court further finds that the issue of good cause need not be reached in this case. Defendant's motion fails because the 120–day period did not expire before service. Though the complaint was filed on June 13, 1997, the Order permitting Plaintiff to proceed *pro se* and *in forma pauperis* was not entered until July 28, 1997. Further, the summons was not issued until September 2, 1997. An issue not addressed by the parties or the magistrate judge is the question of when the "filing of the complaint" occurred from which the 120–day period must be counted. 28 U.S.C. § 1914(c) provides that "[e]ach district court by rule or standing order may require advance payment of fees." L.R. 3.2, N.D.Ga. provides:

**A. Advance Payment Generally Required.** Advance payment of fees is required before the Clerk will file any civil action, suit, or proceeding...

**B. Failure to Remit Fee.** Pleadings received by the Clerk for filing with the filing fee not attached shall be marked "received," but they shall not be filed. The Clerk will notify counsel and/or the parties that the pleadings are being held and that they will not be filed until the filing fee is received or an order is issued allowing the proceedings to be filed *in forma pauperis*.

In *Robinson v. America's Best Contacts and Eyeglasses*, 876 F.2d 596 (7th Cir.1989), the Court was faced with this issue in a district which had a local rule similar to this Court's. In *Robinson*, plaintiff presented a *pro se* employment discrimination complaint to the Clerk of Court on November 23, 1987. At the same time, he filed a petition for leave to proceed *in forma pauperis* and a request for the appointment of counsel. His complaint was marked "received" and a summons was not issued. Robinson's request to proceed *in forma pauperis* was denied on November 30, 1987. He sought and was granted a 90–day extension of time in which to pay the filing fee. Robinson paid the fee on January 25, 1988 and on January 26, 1988 the Clerk stamped his complaint "filed" and issued summons. Defendant was served on May 19, 1988 and moved to dismiss the action arguing that because the complaint was filed November 23, 1987, more than 120 days had passed before defendant was served. The district court granted the motion and dismissed the complaint without prejudice. The Seventh Circuit Court of Appeals held:

"In these circumstances, to hold that the one-hundred-twenty day requirement of Fed.R.Civ.P. 4(j) began to run on the date that Robinson originally presented his complaint to the district court would appear to be somewhat in disharmony with both the provisions of L.R. 11 governing requests to proceed in forma pauperis and with the district court's grant of Robinson's request for an extension of time in which to pay the filing fee. A plain reading of L.R. 11 reflects that this is not the intended result. The rule explicitly provides that a complaint presented before the payment of the filing fee may be *accepted* by the Clerk of Court; the additional provisions of the rule govern the *filing* of the complaint after the request to proceed in forma pauperis has been ruled upon and the filing fee paid, if required."
*Id.*, at 598; *accord Madison*, at p. 1134.

Accepting the holding of *Robinson* that the date the complaint was received by the Clerk is not the date from which the time for service should be calculated, the question remains as to what date should be used—the date the order is signed, filed, or entered.

[T]he terms "dated," "filed," and "entered" are not to be used interchangeably. The term "dated" refers to the date the order is signed by the judge; the term "filed" indicates the date the order is file stamped by the Clerk; the term "entered" represents the date the order was actually recorded on the docket sheet by the Clerk.
*National Savings Bank of Albany v. Jefferson Bank*, 127 F.R.D. 218, 222 n. 9 (S.D.Fla. 1989).

"Case law chaos results if different procedural points and dates thereof are to be for one reason or the other selected as the commencement date of time limits...." *Yoder Bros., Inc. v. California–Florida Plant Corp.*, 537 F.2d 1347, 1362 (5th Cir.1976), *quoting Marine Firemen's Union v. Owens–Corning Fiberglas Corp.*, 503 F.2d 246, 250 (9th Cir.1974) (holding that the procedural point or date from which the statute of limitations is computed and from which the time to appeal is calculated should be the same; i.e., the entry of the judgment). The entry date of an order is commonly used for calculations of time limits.[3] The entry date lends itself to this function because, in every instance, the Clerk is required to record the entry date of an order on the docket. Fed.R.Civ.P. 79(a).

 Typically, an order is not entered until several days after it is filed, and it is upon entry that the Clerk sends copies of the order to the parties giving them notice of the court's ruling. Fed.R.Civ.P. 77(d). Therefore, in most instances, a party's first notice of a court order is when the party receives

---

**3.** For example, the controlling date from which an appeal time runs is the date the judgment is entered on the docket, not when it is filed. *Jones v. Gann*, 703 F.2d 513, 514 (11th Cir.1983).

the copy sent by the clerk and is after the entry date appearing on the docket. Considering the rationale for the *Robinson* holding, the Court finds that the entry date of the order permitting a plaintiff to proceed *in forma pauperis* is the date from which the period for service should be calculated. When the order is entered, the plaintiff is notified that the case is "filed" in accordance with L.R. 3.2, N.D.Ga. It is then appropriate for a plaintiff to proceed with service on the defendant.

This interpretation of the Rule simply affords a plaintiff proceeding *in forma pauperis* 120 days after the record reflects the filing of the complaint in which to effect service just as a plaintiff who pays the filing fee would have 120 days from the date the record reflects the filing of his or her complaint in which to effect service. Using this analysis in the present case, Plaintiff's 120–day period for service began on July 28, 1997 and ended on November 25, 1997. Defendant was served on November 18, 1997. Therefore, Defendant was served within 120 days as required by Fed.R .Civ.P. 4(m), and Plaintiff's complaint is not subject to dismissal.

### CONCLUSION

Based on the foregoing reasons, Defendant's Motion to Dismiss [7–1] is **DENIED.**

**SO ORDERED.**