**John DUNMARS, Plaintiff,**

v.

**THE CITY OF CHICAGO, et al., Defendants.**

**No. 97 C 6553.**

United States District Court, N.D. Illinois, Eastern Division.

Sept. 24, 1998.

---

Karen McNulty Enright, Winters, Enright & Carris, L.L.C., Chicago, IL, for Plaintiff.

Brian L. Crowe, City of Chicago, Law Department Corporation Counsel, Chicago, IL, Erik J. Lillya, Robert Thomas Shannon, City of Chicago, Department of Law, Chicago, IL, Thomas Joseph Platt, Robert W. Barber, Michael P. Sheehan, City of Chicago, Department of Law, Chicago, IL, for Defendants.

*MEMORANDUM OPINION AND ORDER*

ALESIA, District Judge.

Before the court are two motions filed by defendants City of Chicago and individual police officers. The first motion is the City of Chicago's motion to dismiss plaintiff Dunmars' complaint and the second motion is the individual defendant police officers' motion to dismiss plaintiff Dunmars' complaint. Both motions are pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6). For the reasons that follow, the court grants the City of Chicago's motion to dismiss and grants the individual defendants' motion to dismiss.

## I. BACKGROUND

The complaint alleges the following facts which, for the purposes of ruling on this motion, are taken as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The individual defendants are all police officers employed by the City of Chicago. On the morning of July 3, 1994, plaintiff John Dunmars was arrested by defendant police officers M. Long (Star # 15742) and F. Messina (Star # 12435). At the time, the arresting officers and other defendant officers, including Sergeant McDermot (Star # 933) and Sergeant Gonzalez (Star # 640) and an unknown watch commander,[1] were informed that Dunmars had been struck on the head with a baseball bat. The officers saw that Dunmars had sustained a large open wound to the side of his head and was physically and mentally affected as a result. Despite Dunmars' injuries, the defendant officers transported him to the Area 17 police headquarters without allowing him to first receive medical treatment.

At some time later that same day, the defendant officers transported Dunmars to Swedish Covenant Hospital for medical treatment. Dunmars refused treatment. Thus, the officers transported Dunmars back to the district where he remained in custody until 9:00 p.m. The officers then released Dunmars from custody and carried him into a waiting automobile. Dunmars alleges that, as a consequence of the lack of proper medical care, he suffers from memory loss, continuing disorientation, "persistent horrible dreams," and an inability to walk normally.

On July 3, 1996, Dunmars filed a complaint in state court directed at the City of Chicago, Swedish Covenant Hospital and several known and unknown police officers alleging a violation of 42 U.S.C. § 1983 and two state laws. In August of 1996, the case was removed to the United States District Court for the Northern District of Illinois and assigned to this court. Dunmars voluntarily dismissed his complaint on November 5, 1996. Under the Illinois savings provision, Dunmars had until November 5, 1997 to refile his claim. On September 16, 1997, Dunmars presented a one paragraph *pro se* complaint to the Clerk of the Court for the Northern District of Illinois ("Clerk"). Dunmars named defendants the City of Chicago ("City"), the Chicago Police Department ("Police Department"), Officer Messina, and Officer Long.[2] The case was assigned to U.S. District Judge Elaine Bucklo, who granted Dunmars' application to proceed *in forma pauperis*. In February of 1998, Judge Bucklo appointed counsel to represent Dunmars. On April 22, 1998, Dunmars filed a three-count amended complaint and added defendants Sergeant McDermot, Sergeant Gonzalez and an unnamed watch commander. Count I was filed under 42 U.S.C. §§ 1983

1. Plaintiff identifies this unnamed defendant as "shift commander"; however, the court refers to this defendant as watch commander because that is the appropriate terminology used by the Chicago Police Department.

2. Dunmars completed two different one paragraph complaints. One names the City and the Police Department (hereinafter the "first 1997 complaint"). The other names the Police Department and Officer Star Nos. 12435 and 15742 (hereinafter the "second 1997 complaint"). The first 1997 complaint is the only complaint on file

with the Clerk of the Court for this judicial district. The court is aware of the second 1997 complaint only because the parties discussed it in their briefs and Dunmars attached a copy to his response. The second 1997 complaint is stamped "Judge's copy." Apparently, on September 16, 1997, the Clerk of the Court accepted both complaints from Dunmars. There is no indication that the judge to whom the case was originally assigned was aware that the first 1997 complaint was not identical to the second 1997 complaint.

and 1988 and alleges violation of Dunmars' Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Counts II and III allege state law claims of breach of duty and willful and wanton misconduct. Pursuant to Local General Rule 2.21(d)(2), Judge Bucklo reassigned the case to this court on May 27, 1998 as a refiling of a previously dismissed case.

Officers Long and Messina received copies of a summons and the amended complaint on April 28, 1998 and May 8, 1998, respectively. The Office of the Corporation Counsel for the City of Chicago received a copy of the amended complaint by certified mail on April 24, 1998. The court has subject matter jurisdiction over the federal claim pursuant to 28 U.S.C. § 1331 and over the state law claims pursuant to 28 U.S.C. § 1367.

## II. DISCUSSION

### A. Standard for deciding a Rule 12(b)(6) motion to dismiss

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Midwest Grinding Co. v. Spitz,* 976 F.2d 1016, 1019 (7th Cir.1992). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED.R.CIV.P. 12(b)(6); *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, however, a complaint must include either direct or inferential allegations respecting all material elements of the claim asserted. *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir.1991). Bare legal conclusions attached to narrated facts will not suffice. *Strauss v. City of Chicago,* 760 F.2d 765, 768 (7th Cir.1985).

### B. Proper defendants

As mentioned previously, on September 16, 1997, Dunmars completed two separate complaints and submitted them to the Clerk. The complaints were unable to be filed at that time because Dunmars' *in forma pauperis* application had yet to be approved. The first 1997 complaint named the City and the Police Department as defendants. The second 1997 complaint named the Police Department and Officer Star Nos. 12435 and 15742 as defendants. Dunmars and the defendants disagree as to which of the two complaints was properly filed with the Clerk.

■ The court will consider Dunmars' two 1997 complaints and allow the defendants listed on both of the complaints as proper defendants in this case. The court reaches this decision for the following two reasons. First, on September 16, 1997, when Dunmars filed the two complaints, he was not represented by counsel. The court recognizes the special deference that it is required to give *pro se* plaintiffs. *See Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 555 (7th Cir. 1996). Second, Dunmars listed all four of the defendants on the Civil Cover Sheet which he completed at the time he submitted his complaints to the Clerk. Apparently, Dunmars intended all four of the parties to be defendants in this case. Therefore, the court finds that the City, the Police Department, Officer Long, and Officer Messina were properly listed as defendants on Dunmars' September 16, 1997 complaint.

### C. The Chicago Police Department is a nonsuable entity

■ Dunmars names the Police Department as one of the defendants. The City argues that, to the extent that Dunmars attempts to direct any claims against the Police Department, those claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Police Department is not a suable entity. *See Williams v. Hutchens,* 870 F.Supp. 857, 860 (N.D.Ill.1994). Dunmars concedes in his response that the Police Department does not have a separate legal existence from the City and agrees to dismiss the Police Department

as a party. Accordingly, the court dismisses it as a named party.

## D. *Service of process*

■ The City next argues that the complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) because it did not receive proper service of process under Federal Rule of Civil Procedure 4(m). For the reasons outlined below, the court grants the City's motion to dismiss.

Rule 4(m) provides that service of process shall be "made upon a defendant within 120 days after the filing of the complaint." FED. R.CIV.P. 4(m). Rule 4(j) mandates that service upon a local government shall be effectuated by delivering a copy of the summons and complaint to the local government's chief executive officer or in a manner prescribed by the law of the state. FED.R.CIV.P. 4(j). Pursuant to § 5/2–211 of the Illinois Code of Civil Procedure, service may only be effectuated upon the City by leaving a copy of the summons and complaint with the mayor or city clerk. 735 ILL.COMP.STAT. 5/2–211.

■ Dunmars sent a copy of the amended complaint by certified mail to the Office of the Corporation Counsel for the City of Chicago. Dunmars admits in his response to the City's motion to dismiss that service was not properly effectuated on the City but argues that the City nonetheless had knowledge of the suit. Actual knowledge of the suit, however, will not cure defective service. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155 (6th Cir.1991).

It is undisputed that service of process was not properly made upon the City within the 120 day period established by Federal Rule of Civil Procedure 4(m), and was still not properly made at the time of defendants' reply, thus dismissal is required unless Dunmars can show "good cause" why service was not made within the required period. FED. R.CIV.P. 4(m). Dunmars has made no showing of good cause for not serving the City within 120 days and he did not obtain an extension of time from the court in which to do so.

Accordingly, the City's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) is granted for insufficiency of service of process. The court will now consider the remaining individual defendant police officers' motion to dismiss.

## E. *Officer McDermot and the unnamed watch commander*

■ Defendants assert that any claims brought against Officer McDermot and the unnamed watch commander should be dismissed for failure to state a claim. For the reasons outlined below, the court grants this motion.

■ In a § 1983 action, the federal courts adopt the forum state's statute of limitations for personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Accordingly, Dunmars' claim is subject to a two-year limitations period under Illinois law. *See* 735 ILL.COMP.STAT. 5/13–202. However, federal courts willingly borrow state savings provisions in § 1983 claims when the federal claim alleged is governed by a state statute of limitations. *Beck v. Caterpillar, Inc.*, 50 F.3d 405, 406 (7th Cir.1995). Under the savings provision in the Illinois Code of Civil Procedure, the statute of limitations is tolled for a period of one year from the date which the action is voluntarily dismissed by the plaintiff.[3] *See* 735 ILL.COMP.STAT. 5/13–217. Dunmars' action was voluntarily dismissed on November 5, 1996. Therefore, the statute of limitations would not run on Dunmars' claim until November 5, 1997.

In his original complaint, filed within the limitations period, Dunmars named the City, the Police Department, Officer Long, and Officer Messina as defendants. Both McDermot and the unnamed watch commander first became parties to this suit in the April 22, 1998 amended complaint, over five months after the expiration of the one-year date extension granted to Dunmars un-

---

**3.** This case applies 735 ILL.COMP.STAT. 5/13–217 as it existed before its 1995 amendment because the action accrued on July 3, 1994.

der the Illinois savings provision. Thus, Dunmars' § 1983 claim against McDermot and the unnamed watch commander survives only if the filing of Dunmars' second amended complaint relates back to the filing of his original complaint under Federal Rule of Civil Procedure 15(c).

■ Rule 15(c)(3) permits relation back of a pleading when a plaintiff seeks to amend his complaint to change the defendants. FED.R.CIV.P. 15(c)(3). The amendment relates back to the original complaint only "where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir.1993). In the absence of a mistake in the identification of the proper party, it is irrelevant for purposes of Rule 15(c)(3) whether or not the new party knew or should have known that the action would have been brought against him. *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980). Rule 15(c)(3) "does not permit relation back where . . . there is a lack of knowledge of the proper party." *Worthington*, 8 F.3d at 1256. Dunmars made no error in identification concerning McDermot or the unnamed watch commander when he filed his original complaint. There was no error because Dunmars did not name them in the complaint at all. Accordingly, when Dunmars later amended his complaint to name McDermot and add the "unnamed watch commander" as defendants, the amendment did not relate back to the filing of his original complaint. Because Dunmars did not amend his complaint to add McDermot or the unnamed watch commander as defendants until after the statute of limitations had expired, the complaint against these defendants is dismissed as untimely.[4] The court now turns to the motion to dismiss the only remaining defendants, Officer Long and Officer Messina.[5]

---

**4.** Although no appearance has been filed on behalf of Sergeant Gonzalez, the court *sua sponte* dismisses as untimely all claims against Sergeant Gonzalez.

## F. *Officers Long and Messina*

■ Defendants Long and Messina argue that Dunmars' complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Long and Messina argue that the complaint must be dismissed because they did not receive timely service of process under Federal Rule of Civil Procedure 4(m). For the reasons that follow, the court grants this motion to dismiss.

The court will first address the 120 day limitations period for service of process. The Clerk received Dunmars' *pro se* complaint on September 16, 1997. This complaint was not officially filed with the Clerk until November 19, 1997, after Judge Bucklo granted Dunmars' application to proceed *in forma pauperis*. On February 28, 1998, Judge Bucklo appointed counsel to represent Dunmars in this matter. On April 22, 1998, Dunmars filed an amended complaint. Long and Messina were served with process on April 28, 1998 and May 8, 1998, respectively.

Long and Messina argue that the complaint should be dismissed because they were not timely served. Rule 4(m) provides that service of process shall be "made upon a defendant within 120 days after the filing of the complaint." FED.R.CIV.P. 4(m). Long and Messina contend that they should have been served no later than January 14, 1998, within 120 days of September 16, 1997. Long and Messina, however, are incorrect as to the date which the 120 day period began to run. The 120 day period for serving the summons and the complaint began when Dunmars' complaint was stamped "filed" by the Clerk rather than when Dunmars presented his complaint to the Clerk. *See Robinson v. America's Best Contacts and Eyeglasses*, 876 F.2d 596, 598 (7th Cir.1989). The complaint was officially filed with the Clerk on November 19, 1997, after Dunmars' *in forma pauperis* application was approved. Therefore, the 120 day period for serving the summons and complaint on Long and Messi-

---

**5.** The court will not address defendants' argument that failure to identify the "unnamed watch commander" should be dismissed as the court has dismissed McDermot and the unnamed watch commander based on Dunmars' failure to comply with the statute of limitations.

na expired on March 19, 1998. Long and Messina were not served until April 28, 1998 and May 8, 1998, respectively. The court will now address whether Long and Messina's motion to dismiss should be granted for failure to timely serve.

Rule 4(m) allows a court to extend the 120 day period in its discretion upon a motion or on its own initiative. FED.R.CIV.P. 4(m). Courts shall extend the time for service for an appropriate period upon the showing of "good cause" by the plaintiff. *Id.*

In this case, Dunmars has failed to show good cause. Dunmars claims that he would be prejudiced if this court strictly holds him to the 120 day limitations period for two reasons.[6] First, Dunmars claims that good cause for an extension exists because he, initially as a *pro se* plaintiff, "does not have any legal training or education and has never read the service requirements of the Code of Civil Procedure." (Pl.'s Resp. at 2). This, however, is not good cause. *Pro se* litigants must also follow the time limits set forth by statutes and rules. *Williams–Guice v. Board of Educ.*, 45 F.3d 161, 164 (7th Cir.1995). Furthermore, ignorance of the law is not an excuse and failure to read the law is not good cause. *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir.1996).

Second, Dunmars argues in his response that although the 120 day limitations period had expired, Long and Messina had notice of the proceedings. Notice of the proceedings, however, does not cure defective service. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155 (6th Cir.1991). Because Dunmars did not serve Long and Messina until after the expiration of the 120 day limitations period and no good cause exists to extend the period, the court dismisses Dunmars' complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.

### III. *CONCLUSION*

For the foregoing reasons, the court grants defendants' motion to dismiss Dun-

mars' complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). Accordingly, the court enters the following orders:

1. The court grants the City of Chicago's motion to dismiss, defendant Chicago Police Department pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, Dunmars' case is dismissed with prejudice as to defendant the Chicago Police Department.

2. The court grants the City of Chicago's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). Accordingly, Dunmars' case is dismissed without prejudice as to defendant the City of Chicago.

3. The court grants Sergeant Michael McDermot's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, Dunmars' case is dismissed with prejudice as to defendant Sergeant McDermot and the "unnamed shift commander".

4. The court *sua sponte* dismisses Dunmars' claim against Sergeant Gonzalez pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, Dunmars' case is dismissed with prejudice as to defendant Sergeant Gonzalez.

5. The court grants Officers Marshall Long and Frank Messina's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). Accordingly, Dunmars' case is dismissed without prejudice as to defendant Officers Long and Messina.

---

**6.** Dunmars also claims that Long and Messina's objection to service is moot because they did not file a limited appearance. This, however, is incorrect. The Federal Rules of Civil Procedure have eliminated the "distinction between general and special appearances for virtually all suits." *United States v. Republic Marine, Inc.*, 829 F.2d 1399, 1403 n. 2 (7th Cir.1987).