Thomas J. SCARY,

v.

## PHILADELPHIA GAS WORKS.

No. CIV. A. 98–1542.

United States District Court, E.D. Pennsylvania.

May 25, 2001.

Thomas J. Scary, Jr., Chalfont, PA, pro se.

Joffie C. Pittman, III, Philadelphia Gas Works, Philadelphia, PA, for Philadelphia Gas Works.

### *MEMORANDUM AND ORDER*

McLAUGHLIN, District Judge.

In this employment discrimination case, the Court must decide the following ques-

tions: whether the filing of a motion to proceed *in forma pauperis* ("ifp"), along with a complaint, tolls the statute of limitations; if so, whether the denial of the ifp motion starts the statute running again; when the 120–day period under Fed.R.Civ.P. 4(m) starts running for purposes of service of the complaint; and whether equitable tolling is appropriate under the facts of this case.

The Court holds that the filing of an ifp motion with a complaint tolls the statute of limitations until the ifp motion is decided. If the ifp motion is denied, the statutory period begins running again; however, the plaintiff will have a reasonable time after the denial of the motion to pay the filing fee. Once the plaintiff pays the fee, the clock for Rule 4(m) service starts ticking. The Court will also apply equitable tolling to this case because of information that the *pro se* plaintiff received from the Clerk's Office.

### I. Background

On March 24, 1998, the plaintiff, Thomas J. Scary, filed a complaint, along with a copy of his right to sue letter, a motion to proceed *in forma pauperis* ("motion for ifp"), and a request for appointment of attorney ("motion for counsel"). The plaintiff alleges that his former employer, defendant Philadelphia Gas Works ("PGW"), passed him over for promotions because of his age and race and ultimately forced him to retire early. On July 17, 1998, the Honorable Louis H. Pollak denied the motion for ifp as incomplete, but granted leave to the plaintiff to provide supplementary information within ten days. Judge Pollak's order did not address the plaintiff's motion for counsel. The plaintiff did not file anything within those ten days, and the case was "closed" for statistical purposes on July 17, 1998.

An unsigned letter, dated January 10, 2000, was received in the Clerk's Office on January 12, 2000. In this letter, the plaintiff expresses concern about his complaint being "dismissed" and attaches a photocopy of his complaint. (Letter from Pl. of 1/10/00.) This letter was not docketed.

On February 9, 2000, the plaintiff filed a "Motion for Reopening." This document reflects the plaintiff's chronology of events following Judge Pollak's order. The plaintiff states that he called the Clerk's Office after receiving Judge Pollak's order and was told that his case would "still be heard," but that there was "a huge backlog of cases and it could be a long time, and there is no need to keep calling the court." The plaintiff states that the next time he called, he was told that the matter was closed. (Pl. Mot. Reopen Case at 2.) He attached to his motion copies of his complaint and his right to sue letter.

Also on February 9, 2000, the plaintiff paid the $150 filing fee, and the complaint was marked "filed." It appears that the complaint was not docketed until April 12, 2000, and on that date a summons was forwarded to the plaintiff. The summons and complaint were served on the defendant, who received them on April 26, 2000. The defendant filed a motion to dismiss on May 12, 2000, arguing that the plaintiff failed to comply with 42 U.S.C. § 2000e–5(f)(1). After a hearing on November 30, 2000, the defendant filed an amended motion to dismiss, arguing in the alternative that the plaintiff failed to comply with Rule 4(m).[1]

### II. Discussion

■ 42 U.S.C. § 2000e–5(f)(1) requires that a Title VII civil action be brought within 90 days after a plaintiff receives a right to sue letter from the EEOC. *Mosel v. Hills Dep't. Store,* 789 F.2d 251, 252–53 (3d Cir. 1986). The plaintiff's right to sue letter is dated January 27, 1998. In the absence of other evidence, the Court will presume that a plaintiff received his right to sue letter three days after the EEOC mailed it. *See* Fed. R.Civ.P. 6(e); *Seitzinger v. Reading Hosp. & Med. Ctr.,* 165 F.3d 236, 239 (3d Cir.1999). Therefore, the plaintiff had until April 30, 1998 to file his complaint.

The plaintiff filed an ifp motion and complaint on March 24, 1998, but did not pay the filing fee until February 9, 2000. Service

---

1. The defendant's filings are entitled motions for summary judgment, but they are in fact motions

to dismiss and will be treated accordingly.

was made on the defendant on April 26, 2000. The Court must decide whether the plaintiff has complied with 42 U.S.C. § 2000e–5(f)(1) and with Rule 4(m). The answer to this question involves consideration of Fed. R.Civ.P. 3 and 4(m), and 28 U.S.C. § 1915(a).

Rule 3 provides that "[a] civil action is commenced by filing a complaint with the court." If the action is "commenced" by filing, one could decide that such filing satisfies the statute of limitations, whether or not the fee is paid. The Eleventh Circuit so held in *Rodgers v. Bowen*, 790 F.2d 1550 (11th Cir.1986). The Court decided that the statute of limitations is tolled permanently as soon as the complaint comes into the possession of the clerk of the court, regardless of whether the filing fee has been paid.

28 U.S.C. § 1915(a) suggests a different approach, however. That statute says that a court "may authorize the commencement ... of any suit ... without prepayment of fees and costs" if the plaintiff is unable to pay. If a judge is required to "authorize the commencement of a suit" when a plaintiff is unable to pay the filing fee, it appears that mere filing of the complaint with the ifp motion would not commence the litigation. The problem with this interpretation of the statute is that the court's delay in deciding an ifp motion could cause the plaintiff's case to be dismissed even though the plaintiff filed his ifp motion well within the statute of limitations period.

Finally, Rule 4(m) provides that service of the summons and complaint must be made upon a defendant "within 120 days after the filing of the complaint." If a complaint is considered "filed" for purposes of the statute of limitations at the time the ifp motion is filed, is it also considered "filed" for purposes of service? If the answer is yes, judicial delay in deciding the ifp motion would be fatal to some actions. The 120–day period for service could pass before the ifp motion is resolved, thereby violating Rule 4(m) through no fault of the plaintiff.

■ The most sensible approach to this conundrum, and the one adopted by most of the courts that have considered the issue, is to hold that the statute of limitations is tolled when the complaint and the ifp motion are filed, and that the 120–day period for service starts to run when the filing fee is paid and the complaint is stamped "filed." *See, e.g., Gilardi v. Schroeder*, 833 F.2d 1226, 1233 (7th Cir.1987); *Robinson v. America's Best Contacts and Eyeglasses*, 876 F.2d 596, 598 (7th Cir.1989); *Richardson v. Diagnostic Rehab. Ctr.*, 836 F.Supp. 252, 255 (E.D.Pa.1993). A legitimate criticism of this approach is that it interprets the word "filed" differently in adjacent provisions of the Federal Rules of Civil Procedure. No resolution of these issues, however, perfectly reconciles these disparate rules and the policies underlying them. *See Williams–Guice v. Bd. of Educ. of Chicago*, 45 F.3d 161, 162 (7th Cir.1995). The Court, therefore, holds that the filing of a complaint with a motion for ifp tolls the statute of limitations, and that the 120–day period for service commences when the filing fee is paid.

■ This approach does not accommodate all situations, however. It works if the ifp motion is granted, or if the plaintiff pays the filing fee very promptly after the motion is denied. If the motion is denied, however, as it was in the instant case, this approach could result in an indefinite extension of time for the plaintiff to pay the filing fee and serve the defendant. Without any rules ensuring the timely payment of a filing fee after a motion for ifp has been denied, a defendant could be served with a complaint well after the limitations period has expired simply because the plaintiff has filed a motion for ifp with his complaint. Such a result would run counter to the rationale for establishing a limitations period in the first place, and could be especially harmful in the context of employment litigation, where damages for back pay could mount while the defendant remained unaware of the plaintiff's complaint.

In order to avoid this result, the Court holds that once an ifp motion is denied, the statute of limitations will start to run again, and the plaintiff will be required to pay the filing fee within the remaining limitations period or within a reasonable time, whichever is later. *See Jarrett v. U.S. Sprint Communications Co.*, 22 F.3d 256, 259 (10th Cir. 1994); *cf. American Pipe & Construction*

*Co. v. Utah,* 414 U.S. 538, 561, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) (holding that the filing of a complaint in a class action suit suspends the statute of limitations, but a denial of class certification reactivates the statute of limitations for potential plaintiffs). Some district courts have adopted a local rule that specifies the time in which a plaintiff must pay the filing fee after an ifp motion has been denied. *See, e.g., Williams–Guice,* 45 F.3d at 163 ("Local Rule 11D in the Northern District of Illinois gives a plaintiff 15 days to pay the docket fee following denial of an application for leave to proceed IFP."). The Local Rules of the Eastern District of Pennsylvania do not address this issue, and for that reason, the Court holds that the plaintiff is entitled to a "reasonable" time.

■ If these principles are applied to the instant case, the limitations period would be tolled during the pendency of the motion for ifp, but would recommence ticking—at the earliest—on July 28, 1998, the date of expiration of the 10–day leave granted in Judge Pollak's order. Given that 53 days had already passed when the plaintiff filed the complaint and motion for ifp on March 24, 1998, this means that 37 of the 90 days would remain on July 28, 1998. Thus, the plaintiff would be required to pay the filing fee and commence the action by September 4, 1998. However, the fee was not paid until February 9, 2000, approximately 17 months after the expiration of the 90–day period. Without determining what is the outer limit of a "reasonable time," the Court finds that · 17 months exceeds it. *Cf. Jarrett,* 22 F.3d at 259 (holding that a five month delay is unreasonable); *Williams–Guice,* 45 F.3d at 165 (holding that a 103–day delay is unreasonable, where the local rules provided for a 15–day grace period after an ifp motion denial); *Rodgers,* 790 F.2d at 1553 (holding that a one month delay is acceptable). The Court now considers whether there was equitable tolling to excuse the delay.

■■ The equitable tolling doctrine stops the statute of limitations from running where the accrual date has passed, and tolls the statute of limitations in light of equitable considerations. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1387,

1390 (3d Cir.1994). Equitable tolling is available in Title VII cases, but it does not extend to "what is at best a garden variety claim of excusable neglect." *Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 95, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The burden is on the plaintiff to demonstrate facts that support equitable tolling. *Byers v. Follmer Trucking Co.,* 763 F.2d 599, 600–01 (3d Cir. 1985).

■ The Third Circuit has identified six situations in which equitable tolling is appropriate:

(1) where the plaintiff received inadequate notice of his right to file suit;

(2) where a motion for appointment of counsel is pending;

(3) where the court has misled the plaintiff into believing that he had done everything required of him;

(4) where the defendant has actively misled the plaintiff;

(5) where the plaintiff "in some extraordinary way" was prevented from asserting his rights; or

(6) where the plaintiff timely asserted his rights in the wrong forum.

*Seitzinger v. Reading Hosp. & Med. Ctr.,* 165 F.3d 236, 240 (3d Cir.1999).

■ The Court finds that equitable tolling is appropriate in this case. Scary's delay in paying the filing fee was not due to mere "excusable neglect." He did not delay because he was too busy or preoccupied with other matters, or even because there was a miscommunication as to the due date. Rather, he failed to pay the fee in a timely manner because of the misperception—created by the court—that he had done everything that was required of him. In Scary's mind, he had been completely diligent at all times, and he had not neglected his claim at all. *Cf. Irwin,* 498 U.S. at 96, 111 S.Ct. 453 (denying equitable tolling where the complaint was filed 14 days late because the plaintiff's attorney was out of the country); *New Castle County v. Halliburton NUS Corp.,* 111 F.3d 1116, 1126 (1997) (holding that a CERCLA plaintiff's failure to file a timely complaint, allegedly because it was "so

busy cleaning up the landfill," might constitute excusable neglect but did not justify equitable tolling where the damage was discovered six months prior to the accrual date).

Turning to the six situations presented in *Seitzinger*, the Court finds that the second and third factors are present in this case. The plaintiff's motion for counsel was pending with this Court throughout the 17–month period from September 4, 1998 to February 9, 2000. In addition, the plaintiff had been misled by the Clerk's Office into believing that he had done everything required of him. Scary had filed his complaint well before the 90–day deadline and was in active communication with Clerk's Office until he was told that his complaint would be heard, that there was no need to continue calling the court, and that he would be notified when a hearing date was set. Those statements do not amount to "active deception" by the Clerk's Office, but they nevertheless had the effect of misleading the plaintiff, who, as a *pro se* plaintiff, can be expected to rely particularly heavily on the representations of court personnel. *See Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857, 859 (10th Cir. 1983) (holding that equitable tolling was appropriate where a *pro se* plaintiff had relied on the representations of the court clerk). Given this, it was natural for Scary to believe that he had satisfied all of the requirements to bring his case, particularly when his motion for counsel was still pending.

The exact duration of Scary's misapprehension is unclear. The plaintiff's Response claims that he learned of the dismissal "in February of 2000," but his undocketed letter indicates that he had learned of the dismissal by January 10, 2000. (The closing of the case on July 17, 1998, which was done for statistical purposes only, has no bearing on the question of the tolling of the statute of limitations.) Even if the period of equitable tolling runs only to January 10, 2000, however, the payment of the fee on February 9, 2000 is within the 37 days that remained in the 90–day statutory period. Thus, the Court finds that Scary is eligible for equitable tolling under the second and third factors in *Seitzinger*.

Even where a plaintiff is in a situation described in *Seitzinger*, he must demonstrate that he exercised "reasonable diligence" in pursuing his claims. *See New Castle County*, 111 F.3d at 1126. As the Supreme Court has stated, "one who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984). For example, equitable tolling is not appropriate where a plaintiff has failed to file her complaint within the 90–day statutory period, despite having received explicit and repeated instructions on what was required to preserve her claim. *See id.* Nor is it available where a plaintiff had discovered the defendant's alleged negligence before the statute of limitations had expired, but then waited two years before filing the complaint. *See New Castle County*, 111 F.3d at 1126.

In contrast to these cases, Scary filed his motion for ifp and motion for counsel along with his complaint well within the initial 90–day period. He resubmitted copies of his complaint and right to sue letter with his January 10, 2000 letter and his "Motion for Reopening." No inference of dilatory or inequitable conduct can be drawn from the plaintiff's failure to pay the filing fee immediately after the motion for ifp was denied, given that the motion for counsel was still pending and given what was told to him. *See Brown v. J.I. Case Co.*, 756 F.2d 48, 51 (7th Cir.1985) (holding that the statute of limitations should be tolled until both the motion for ifp and the motion for counsel are ruled upon). The Court finds that Scary acted with "reasonable diligence."

Finally, the defendant has argued that it has been prejudiced by the 17–month delay. The Third Circuit has held that "[a]lthough courts may not rely on lack of prejudice as a determinative factor, once a factor that might justify equitable tolling is identified, prejudice is a factor to be considered." *Seitzinger*, 165 F.3d at 241–42.

The defendant argues: (1) that several potential witnesses are no longer employed by PGW; (2) that relevant documents "could have possibly been lost or destroyed"; (3) that certain unidentified documents "were

not preserved which could have greatly assisted in defendant's defense"; and (4) that there is a "strong possibility" that witnesses' memories have faded since the incidents set forth in the complaint first occurred. *See* Def. Am. Mot. at 5. None of these factors are evidence of actual prejudice. The two that come closest to actual prejudice are the discontinued employment of certain witnesses and the destruction of certain unidentified documents. There is no evidence that the witnesses are unavailable or that the destroyed documents were helpful to the defense, however. These factors are not enough to bar the equitable tolling of the 90-day period.

For the reasons given above, the Court will deny the defendant's motion to dismiss insofar as it relies on a violation of § 2000e-5(f)(1). Because the Court has decided that the time for making Rule 4(m) service began on February 9, 2000, the service, which was made on April 26, 2000, fell within this 120-day period. The defendant's alternative motion is also denied.

An Order follows.