**Pamela ELLIS, Plaintiff,**

v.

**Anthony J. PRINCIPI, Secretary of the United States Department of Veteran Affairs, Defendant.**

**Civ.A. No. 3:03CV357.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 13, 2004.

Pamela Ellis, Jackson, MS, for Plaintiff.

David H. Fulcher, U.S. Attorney's Office, Jackson, MS, for Defendant.

*MEMORANDUM OPINION
AND ORDER*

TOM S. LEE, Chief Judge.

This cause is before the court on the motion of defendant Anthony J. Principi, in his capacity as Secretary of the Department of Veterans Affairs, to dismiss pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to timely effect service of process. Plaintiff Pamela Ellis has responded in opposition to the motion and the court, having considered the parties' submissions, pertinent authorities and the record in this cause, concludes that defendant's motion should be denied.

Federal Rule of Civil Procedure Rule 4(m) requires that the summons and complaint be served on the defendant within 120 days after the complaint is filed. Under that rule, if good cause is not shown for serving process within that time, the court has the discretion to dismiss the lawsuit without prejudice or direct that service be

effected within a specified time. It is undisputed that plaintiff failed to serve defendant during 120 days of the date on which she first presented her complaint for filing, and that in fact, more than a year passed between the date plaintiff filed her complaint, on March 5, 2003, and the date she first served defendant with process, May 4, 2004. Defendant thus submits that service was untimely, and that plaintiff has not demonstrated good cause for her failure in this regard. What defendant fails to mention, however, is that plaintiff's complaint was accompanied by a motion for leave to proceed *in forma pauperis* that was pending for more than ten months before the magistrate judge entered his report and recommendation on January 26, 2004 recommending denial of that motion. The undersigned's order adopting the magistrate judge's report and recommendation was entered February 18, 2004. Following the denial of her motion, plaintiff timely paid the filing fee, and promptly undertook efforts to properly serve the defendant. According to defendant's motion, and as is substantiated by the accompanying exhibits, service was received in the office of the U.S. Attorney on May 4, 2004, seventy six days after the court's order denying her motion to proceed *in forma pauperis.*

While this issue is not addressed by either the Federal Rules of Civil Procedure or this court's local rules, most courts have held that because "[d]ifficulties arise when the initial review of an *in forma pauperis* case takes longer than the 120 days allowed for service of process under Rule 4 of the Federal Rules of Civil Procedure," *Lujano v. Omaha Public Power Dist.,* 30 F.3d 1032, 1034 (8th Cir. 1994), "the 120–day requirement of Rule 4(m) should be tolled during the time a court considers a motion … to proceed *in forma pauperis,*" *Lowery v. Carrier Corp.,* 953 F.Supp. 151, 156 (E.D.Tex.1997). *See also Williams–Guice v. Board of Educ.,* 45 F.3d 161, 162 (7th Cir.1995); *Robinson v. America's Best Contacts and Eyeglasses,* 876 F.2d 596, 598 (7th Cir.1989) ("it seems clear … that where a proposed dismissal under Fed. R.Civ.P. 4(j) (which is now Rule 4(m)) is at issue, simple justice requires that summons need not be issued and service had until after the denial of in forma pauperis status and the

fixing of a new time for the payment of filing fees."); *Romand v. Zimmerman,* 881 F.Supp. 806, 810 (N.D.N.Y.1995) (denying a Rule 4(m) motion to dismiss where the plaintiff served the summons within 120 days of the denial of an application to proceed *in forma pauperis* but more than 120 days from when the complaint was originally presented to the court); *Parker v. John Doe # 1,* 2003 WL 21294962, *2 (E.D.Pa.2003) (holding that the 120–day accrual time for service is tolled when a complaint and a motion to proceed in forma pauperis are filed). *But see Boudette v. Barnette,* 923 F.2d 754, 757 (9th Cir.1991) (district court did not abuse its discretion in dismissing pro se complaint for failure to request service of summons and complaint, even though plaintiff claimed he received no notice of order permitting him to proceed *in forma pauperis*).

In a number of these cases, the courts involved concluded that the complaint was not considered officially "filed," and hence the time for service did not begin to run, until such time as either the motion to proceed *in forma pauperis* was ruled on and, if denied, when the filing fee was paid. *See, e.g., Ocasio v. Fashion Institute of Technology,* 9 Fed.Appx. 66, 68, 2001 WL 514318, *2 (2d Cir.2001) (holding that since the complaint is not considered officially filed until the court rules on a motion to proceed *in forma pauperis,* and, since Rule 4(m) requires service within 120 days of the date the complaint is filed, the plaintiff has 120 days from the date the motion is ruled on to perfect service of process); *cf. Robinson v. America's Best Contacts and Eyeglasses,* 876 F.2d 596, 598 (7th Cir.1989) (by local rule, where motion for *in forma pauperis* status was filed with complaint, case was not considered "filed" until court denied motion and plaintiff paid the filing fee, from which date plaintiff had 120 days to serve process).

■ It appears that by practice in this district, a complaint is considered filed when it is presented to the court, regardless of whether accompanied by the filing fee or by a motion to proceed *in forma pauperis.* Nevertheless, in the court's view, for purposes of assessing the time for effecting service of process where the complaint is accompanied by a motion to proceed *in forma pauperis,* considerations of fairness dictate

that the time for service be tolled until the court decides that motion. As the court observed in *Scary v. Philadelphia Gas Works,* 202 F.R.D. 148, 151 (E.D.Pa.2001), if a complaint accompanied by a motion to proceed *in forma pauperis* is considered "filed" for purposes of service when presented to the court, then "judicial delay in deciding the ifp motion would be fatal to some actions. The 120–day period for service could pass before the ifp motion is resolved, thereby violating Rule 4(m) through no fault of the plaintiff." That court thus adopted what it viewed as the "most sensible approach to this conundrum," holding that "the filing of a complaint with a motion for ifp tolls the statute of limitations, and that the 120–day period for service commences when the filing fee is paid." *Id.*[1]

In keeping with the foregoing, the court concludes that plaintiff's service on defendant within 120 days of the date this court denied her motion to proceed *in forma pauperis* was timely[2] and it is therefore ordered that defendant's motion to dismiss should be denied.

1. The court in *Scary* observed that this approach works "if the ifp motion is granted, or if the plaintiff pays the filing fee very promptly after the motion is denied," *Scary,* 202 F.R.D. at 151, but would not accommodate a situation in which the motion was denied but there were no rules in place to ensure the timely payment of a filing fee after the motion for *in forma pauperis* status had been denied, which could result, in effect, in an indefinite extension of the time for paying the filing fee and serving the defendant, *id.* This concern is not implicated here, however, for when he denied the plaintiff's motion to proceed *in forma pauperis,* the magistrate judge granted plaintiff 30 days within which to pay the filing fee, plaintiff paid the filing fee within the prescribed time and she served defendant with process well within 120 days thereafter.

2. In light of this conclusion, the court need not consider whether there was good cause for any delay by plaintiff in effecting service.